DOLL v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. October 28, 1918.)

No. 5089.

ARMY AND NAVY ☞40—ESPIONAGE ACT—VIOLATION.

> Where accused indulged in profane and coarse outburst to forest offi-
> cers concerning grievance over timber right in forest reservation, and
> there was nothing said against enlistment, and accused did not know the
> officers were engaged in recruiting, *held*, under the circumstances, that
> there was no violation of Espionage Act June 15. 1917, tit. 1, § 3.

In Error to the District Court of the United States for the District
of South Dakota; James D. Elliott, Judge.

Charles Doll was convicted of willfully obstructing the recruiting
service, etc., in violation of Espionage Act June 15, 1917, tit. 1, § 3,
and he brings error. Reversed and remanded.

Robert C. Hayes, of Deadwood, S. D. (J. D. Wear, of Omaha, Neb.,
and John T. Heffron, of Deadwood, S. D., on the brief), for plaintiff
in error.

Robert P. Stewart, U. S. Atty., of Deadwood, S. D. (Edmund W.
Fiske, Asst. U. S. Atty., of Sioux Falls, S. D., and George Philip,
Asst. U. S. Atty., of Rapid City, S. D., on the brief), for defendant
in error.

Before HOOK and STONE, Circuit Judges, and MUNGER, Dis-
trict Judge.

HOOK, Circuit Judge. Charles Doll was convicted of willfully
obstructing the recruiting and enlistment service of the United States,
and of willfully causing and attempting to cause disloyalty, insubor-
dination, and mutiny in the military forces of the United States, in
violation of section 3, title 1, of the Espionage Act of June 15, 1917
(40 Stat. 219, c. 30).

The crimes were charged to have been committed June 20, 1917,
by the use of language which is too profane and obscene to be set
forth in this opinion. It was quite clearly shown at the trial that
the accused was under the influence of liquor, and had or thought
he had a grievance against the government over a right to timber
from a forest reservation. The language was used in a conversation
with two forest officers, to whom he made his complaints. It appeared
that, at the time, the officers were also engaged in recruiting for the
engineer military service; but that fact was not told the accused, nor
did he know it. The military service was not the subject of the con-
versation, and he said nothing by way of persuasion, advice, or other-
wise against enlistment or the draft. What he said was but a coarse,
indecent outburst, because of a fancied grievance in a matter wholly
unrelated to those subjects. Where words only are relied on as ob-
structing the service, or as causing or constituting an attempt to cause
disloyalty, etc., contrary to the clauses of the Espionage Act above cited,

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

much depends on the circumstances, and they should be closely regarded. We think there was nothing in this case fairly indicating that the accused intended the results which are essential elements of the offenses, or that such results in fact followed, or would naturally follow, what he said. His request for a directed verdict should therefore have been granted. It should be noted that this case arose before Act May 16, 1918, c. 75, which is much broader than the original statute.

The sentence is reversed, and the cause is remanded for a new trial.