## HARSHFIELD v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. September 1, 1919.)

### No. 5302.

WAR ☞4—EVIDENCE INSUFFICIENT TO SUSTAIN CONVICTION FOR SEDITIOUS UT-TERANCES.

    Evidence *held* not to sustain a conviction for attempting to cause disloyalty, insubordination, mutiny, or refusal of duty in the military or naval forces of the United States, by the use of defamatory language toward the President and Cabinet, taking into consideration the place and circumstances of its utterance.

In Error to the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

Criminal prosecution by the United States against John Harshfield. Judgment of conviction, and defendant brings error. Reversed.

John J. Halligan, of North Platte, Neb. (W. T. Wilcox, of North Platte, Neb., on the brief), for plaintiff in error.

T. S. Allen, U. S. Atty., of Lincoln, Neb. (F. A. Peterson, Asst. U. S. Atty., of Omaha, Neb., on the brief), for the United States.

Before SANBORN, CARLAND, and STONE, Circuit Judges.

CARLAND, Circuit Judge. The defendant, Harshfield, was convicted on the first count of an indictment which alleged the utterance of certain words defamatory to President Wilson and his Cabinet and hostile to the American soldiers. It was further alleged that the language used was a willful attempt to cause disloyalty, insubordination, mutiny, and refusal of duty in the military and naval forces of the United States. At the close of all the evidence his counsel moved for a directed verdict in his favor, upon the grounds that the allegations in the first count of the indictment did not constitute a crime against the government of the United States, and because the evidence introduced was not sufficient to sustain a verdict of guilty upon said count. In Schenck v. United States (March 3, 1919) 249 U. S. 47, 39 Sup. Ct. 247, 63 L. Ed. 470, it was stated:

"The question in every case is whether the words used are used in such circumstances and are of such a nature as to create a clear and present danger that they will bring about the substantive evils that Congress has a right to prevent. It is a question of proximity and degree."

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Assuming that the evidence sustained the charge in the indictment as to the language spoken, we turn to the circumstances in which they were used. Harshfield is a stock farmer living in Lincoln county, Neb. On or about the date mentioned in the indictment he was at his house at about the hour of noon. The two men mentioned in the indictment as Walker and Powell came to the house and inquired of defendant if they could obtain some gasoline, at the same time claiming that they had become stranded out in the country. Defendant said that he could let them have some gasoline, and also asked them to stop for dinner. At the time the family were sitting at the dinner table there were present Powell, Walker, two hired men, Gilbert and Wile, two nieces, Clara and Bertha Laubner, and four children, Olive, Walter, Alva, and Wilbur. The language stated in the indictment is alleged to have been uttered at this dinner.

We have considered the nature of the words spoken and the circumstances in which they were uttered, and can find no support for a finding that they constituted an attempt to cause disloyalty, insubordination, mutiny, and refusal of duty in the military and naval forces of the United States. There was no evidence introduced at the trial that the defendant uttered the words charged against him for the purpose alleged, except as the words themselves show that disloyalty, insubordination, mutiny, and refusal of duty in the military and naval forces of the United States was the necessary and legitimate result of their use. We refrain from quoting the language alleged to have been used by the defendant. It was scurrilous, improper, and disgraceful to the man who uttered it; but, taking into consideration the circumstances in which they were uttered and the words themselves, they wholly fail to sustain the purpose for which it is alleged they were uttered. Von Bank v. United States, 253 Fed. 641, 165 C. C. A. 267; Doll v. United States, 253 Fed. 646, 165 C. C. A. 272.

Judgment below reversed.