### DICKSON v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. December 31, 1921.)

No. 5815.

1. **Army and navy ⊜⟾40—Circumstances must be considered in determining whether words were attempt to cause mutiny.**

   Where words spoken by defendant are alone relied on as constituting an attempt to cause insubordination or mutiny in the military forces, the circumstances under which they were spoken must be considered in determining whether the words were of such a nature as to violate Espionage Act June 15, 1917, tit. 1, § 3 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10212c).

2. **Army and navy ⊜⟾40—Words spoken to person not subject to military service held insufficient to sustain conviction.**

   Where the indictment charged that the words alleged to have constituted an attempt to cause mutiny in the military forces were spoken to a named individual who was not shown to be subject to military call, and there was no showing that the words were intended to be heard by any one else, a conviction for attempt to cause mutiny in the military forces cannot be sustained.

In Error to the District Court of the United States for the Southern District of Iowa; Martin J. Wade, Judge.

Elmer G. Dickson was convicted of violating the Espionage Act, and he brings error. Reversed and remanded, with instructions to discharge the defendant.

⊜⟾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Jo R. Jaques, of Ottumwa, Iowa (W. D. Tisdale, of Ottumwa, Iowa, on the brief), for plaintiff in error.

E. G. Moon, U. S. Atty., of Ottumwa, Iowa (John C. De Mar, Asst. U. S. Atty., of Des Moines, Iowa, on the brief), for the United States.

Before HOOK, Circuit Judge, and TRIEBER and NEBLETT, District Judges.

NEBLETT, District Judge. Plaintiff in error, hereinafter called defendant, was indicted on seven counts, charged with the violation of section 3, title 1, of the Espionage Act, approved June 15, 1917. 40 Stat. 217, c. 30 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10212c). He was found guilty on the second count, and sentenced to pay a fine of $5,000 and costs of prosecution. The second count charges him with unlawfully attempting to cause insubordination, mutiny, disloyalty, and refusal of duty in the military forces of the United States, by counseling and advising one G. E. Chapman that the American boys did not have to go to Germany to fight, that there was no law to compel them to go, and that if they would rise up in arms they would not have to go; the said G. E. Chapman then having a son serving in the United States Army.

At the close of the evidence for the United States, and the close of all the evidence, the defendant moved for an instructed verdict of not guilty on count 2:

"Because there is no evidence that the defendant did unlawfully, willfully and feloniously attempt to cause insubordination, disloyalty, mutiny and refusal of duty in the military forces of the United States as therein alleged, and the evidence in regard to the charge made in count 2 is insufficient to sustain a verdict of guilty."

The question of the insufficiency of the evidence to sustain a verdict was also raised by defendant's motion in arrest of judgment. These motions were overruled, and proper exceptions saved to the court's ruling thereon. These rulings are assigned as error.

The evidence shows that defendant made the statements charged to have been made by him in count 2 to G. E. Chapman, in West Grove, Iowa, on or about June 30, 1917. Defendant's conversation, in which the statements were made, was addressed to Chapman, and according to the evidence a part of it was heard by Alma Waybill, Finley Collins, and Mrs. Spouse. It does not appear, from the circumstances under which the defendant had the conversation with Chapman, that he addressed his remarks to any of these parties, or knew or intended that any one except Chapman should hear them. There is no averment in the indictment that the remarks were publicly made, or made to any one except Chapman. If there was any attempt to commit the offense charged in the second count of the indictment, the act constituting such an attempt was the conversation with Chapman. It is not shown that Chapman was between the ages of 18 and 45 years, or subject to military service and it will be presumed that he was not.

[1] Where words alone are relied upon as constituting an attempt to cause insubordination, disloyalty, mutiny, and refusal of duty in the military forces of the United States, the circumstances under which

they are made must be considered. If they are not used in such circumstances, and are not of such a nature, as to create a clear and present danger that they would bring about results denounced by the act of Congress, there is no crime committed. Schenck v. United States, 249 U. S. 47, 39 Sup. Ct. 247, 63 L. Ed. 470; Fontana v. United States (C. C. A.) 262 Fed. 283; Doll v. United States, 253 Fed. 646, 165 C. C. A. 272.

[2] We do not think it would naturally follow, nor is it reasonable to infer, that the utterances of the defendant made to Chapman, who was not subject to military duty, in a private conversation, would cause disloyalty, insubordination, mutiny, and refusal of duty. His request for a directed verdict should have been granted.

The conclusions reached above dispose of the case, and it is not necessary to consider the other assignments of error. The judgment below must be reversed, and the case remanded to the court below, with instructions to discharge the defendant.

Judge HOOK participated in the hearing of this case and concurred in the conclusion reached, but died before the opinion was filed.