E. G. DICKSON, Appellant, v. H. C. YOUNG et al., Appellees.

MALICIOUS PROSECUTION: Probable Cause—Evidence—Opinion of
1  Trial Court. Defendant in an action for malicious prosecution may not support his plea of probable cause by introducing the written *opinion* of the trial judge overruling plaintiff's motion for new trial after conviction, such conviction being set aside on appeal.

MALICIOUS PROSECUTION:     Evidence—Irrelevancy—Opinion  in
2  Prior Cause. The mere fact that plaintiff in an action for malicious prosecution introduces testimony bearing on matters which were involved in another and different prior action, will not justify the introduction in evidence of the *entire* opinion on appeal of such prior action.

Headnote 1:  38 C. J. p. 488 (1926 Anno.)  Headnote 2:  22 C. J. p. 198.

*Appeal from Davis District Court.*—D. M. ANDERSON, Judge.

OCTOBER 17, 1924.

REHEARING DENIED FEBRUARY 20, 1925.

ACTION for damages. Jury trial. Verdict for defendants. Plaintiff appeals.—*Reversed.*

*Mabry & Mabry, Roberts & Webber,* and *T. P. Bence,* for appellant.

*Howell, Elgin & Howell, Payne & Goodson, Henry C. Taylor, Heinrich Taylor,* and *Verne J. Schlegle,* for appellees.

PRESTON, J.—The record is voluminous. There are several amendments, by both parties, to the abstract, with extended arguments. The two principal points most elaborately argued and seemingly relied upon, are in relation to the admission in evidence, over plaintiff's objection, of the opinion of the Federal court, and the opinion of this court, and evidence of jurors; also the instructions and theory of the trial, wherein it is claimed that the trial court held that, under the pleadings and evidence, conspiracy was the gravamen of the case, whereas appellant urges that the cause of action was against defendants as joint tort-feasors in the carrying on and furthering of a malicious prosecution, irrespective of conspiracy.

The trial court had some difficulty in construing the pleadings and determining this question. It was first of the opinion that the case should be submitted on both theories, but finally concluded that it was justified in submitting only the thought of conspiracy. The pleadings are not very clear. In the brief, appellant now ignores entirely the question of conspiracy, in stating the issues. As appellant now states them, the issues were the claim of plaintiff (a) that the defendants individually and collectively caused or procured a criminal charge to be made and prosecuted against plaintiff, and incited said prosecution and aided and abetted therein; (b) that the charge was false, and resulted in plaintiff's acquittal; (c) that, in inciting, caus-

ing, and procuring said prosecution, and in aiding and abetting therein, defendants were actuated by malice, etc., and in all that they or any of them did in that respect, they acted without probable cause; (d) that said malicious prosecution resulted in damage to plaintiff. The answer of defendants denied: (a) that they or any of them incited, caused, or procured said prosecution or aided or abetted therein; (b) that in what they did they were actuated by any malice; (c) that they acted without probable cause; (d) that plaintiff was damaged, and that they or any of them are liable to him in any sum.

So far as this particular matter is concerned, the original petition alleged substantially that on January 20, 1920, defendants caused the arrest of plaintiff on an information before the United States commissioner, charging him with a violation of the Espionage Act; that, at the hearing, January 23d, several of the defendants appeared as witnesses; that thereafter the grand jury indicted plaintiff, and several of defendants appeared as witnesses, procuring witnesses and inducing witnesses to testify, and by this means procured plaintiff's indictment on seven counts, charging him with seven violations of said act; that the case was tried in April, 1920, several of defendants appearing as witnesses against plaintiff and testifying falsely against him; that "other of said defendants aided, abetted, and assisted in procuring false testimony, and coaching and instructing witnesses to give false testimony against plaintiff;" that defendant was acquitted of six of the seven counts and convicted on the second, and sentenced to pay a fine of $5,000 and costs and that he be imprisoned until the fine was paid; that thereafter the circuit court of appeals, on December 31, 1921, reversed said decision and ordered defendant discharged; that defendant was put to expense in meeting said charge; that he was held up to public disgrace and ignominy from the moment said information was filed, down to the time of said reversal; that he has been injured in his good name, standing, and reputation. While in one place in said petition, the words "aided, abetted, and assisted in coaching and instructing witnesses to give false testimony," etc., appear, it is further alleged:

"That each and *all* of the foregoing acts of the defendants in this case were the result of an unlawful combination, con-

spiracy, and association of all the defendants herein named, and that said parties acted collusively, fraudulently, maliciously, and without probable cause, in instituting said action and in carrying same on through the various steps heretofore named, and that damages hereinbefore stated are the results of the joint unlawful and illegal acts of said defendants, and that each and all are individually and collectively liable, in the absence of conspiracy, for all damages.''

Damages in the sum of $100,000 were asked.

Thereafter plaintiff filed what is denominated ''amended and substituted petition,'' whatever that may mean. If it was an amendment, it would mean one thing. 2 Cyc. 279. If it was a substituted petition, it would mean another thing. 37 Cyc. 508. The purpose of the amendment or substitution, whichever it is, is as stated therein:

''For the purpose of supplying certain omissions and stating his cause of action more specifically, files the following as his amended and substituted petition in said cause, and states as follows:''

Then follows a statement of the same facts, with some amplification as to plaintiff's business, residence, and the standing of defendants, and so on. And further:

''That, January 20, 1920, the defendants, actuated by malice, etc., towards plaintiff, conspired, colluded, and confederated together in causing an information to be made and filed against plaintiff in the Federal court, charging him with violation of the Espionage Act.''

Continuing, it is alleged:

''That said defendants caused a hearing to be had on said information, which hearing was attended by some of the defendants, who encouraged, aided, and abetted the prosecution of said charge * * * that thereafter said defendants caused the charge to be laid before the Federal grand jury, and some of these defendants attended in the prosecution of their common design against plaintiff, volunteered their services as witnesses, attended said court, aided and abetted and encouraged the said prosecution * * * that all the said prosecutions were instigated, prompted, and carried on against plaintiff through the malice,

ill will, and hatred of defendants, acting jointly and severally, without cause;" that he was tried, convicted, and so on.

There was no withdrawal in the so-called amended or substituted petition of any charge of conspiracy made in the original petition; but, on the contrary, the allegation was reiterated. The cause of action was not stated in separate counts; neither was there any motion by defendants to require plaintiff to do so. The allegation in both pleadings, at least as to the filing of the information, charges that the same was filed as the result of a conspiracy. True, it is charged that, in attending the trials and procuring witnesses, some of the defendants did so. The trial court found that as to *some* of the defendants there was no evidence of malice, and that, as to them at least, there was nothing to submit to the jury, except on the theory of conspiracy.

1. The trial court admitted in evidence, over objection by plaintiff, the written memorandum opinion of Judge Wade in overruling this plaintiff's motion in arrest of judgment and for a new trial on the count upon which he was convicted. This opinion and the order denying the motion was filed June 18, 1920. The opinion comprises eight printed pages of the abstract. In the opinion Judge Wade discussed at some length the issues in the case, the testimony of the different witnesses, and his comments thereon, and stated that, in his opinion, the evidence was sufficient to show that the plaintiff herein, defendant there, was guilty. The appellant introduced the reversing opinion of the circuit court of appeals, *Dickson v. United States*, 278 Fed. 728. The trial court admitted this evidence upon the question of probable cause, stating that it was admitted for the purpose of showing Judge Wade's judgment upon motion for new trial, as tending to show probable cause.

*1. MALICIOUS PROSECUTION: probable cause: evidence: opinion of trial court.*

Considerable latitude of inquiry will be allowed to defendant in an action for malicious prosecution, in showing probable cause in the institution of a prosecution; and, as the court said, herein the evidence for both sides did take a wide range. But it appears to us that there are some difficulties in the proposition as to the admission of the evidence now under consideration. First, that opinion was reversed on appeal, by the circuit court of appeals. But in addition to, and more than that, is the fact

that the opinion and judgment of Judge Wade was in the same case wherein the information now complained of had been filed, several months before. It would seem that what Judge Wade said about the matter in June, 1920, could not have been a reason, or probable cause, for the filing by the defendants herein of the information in January prior thereto. In other words, how could a statement made in June, 1920, have influenced or operated upon the minds of these defendants in January before? Under the circumstances, we think the admission of this evidence was error, and so prejudicial to the plaintiff as to require a reversal, even though the reversing opinion of the circuit court of appeals was also offered in evidence by this plaintiff. The question before the court of appeals, and before Judge Wade, too, for that matter, was as to whether the plaintiff herein was or was not in fact guilty. That was not the question in the trial of this case, but rather, whether the defendants herein, in filing the information, had reasonable grounds or probable cause for believing that plaintiff was guilty in the criminal case, whether he was or was not in fact guilty. The jury might well have found, or at least have been influenced in finding, that, if Judge Wade was of the opinion, even though erroneously so, that the plaintiff herein was guilty of a crime, defendants had probable cause to so believe, even though it turned out afterwards that he was not guilty. We find this doctrine in 18 Ruling Case Law 52.

"Evidence of innocence of which the defendant had no knowledge, and of which he was not chargeable with notice, such as facts occurring after the prosecution is begun, is not admissible for the purpose of showing malice or want of probable cause. In determining whether the defendant acted without probable cause, his conduct is to be weighed in view of what appeared to him when he made the complaint, and not in the light of subsequently appearing facts," etc.

The converse of this proposition must be true. Here, the defendants were seeking to show that they had probable cause for filing the information, at the time it was filed, and claiming that the opinion of Judge Wade and the conviction after the information was filed and after the trial were circumstances which could be considered by them on the question of probable

cause at a time prior thereto, when the information was filed. There may be cases holding that, where a person who has instigated prosecution has notice or knowledge thereafter of the innocence of the person charged, he should not continue the prosecution, but withdraw therefrom, etc. But that is not this case. Here the prosecution was over; and, so far as these defendants were concerned, the case was thereafter in the hands of the court, and beyond their control. Furthermore, here there had been a conviction, which would tend strongly, if not conclusively, to show that the defendants herein would, after conviction and at that time, have had probable cause. But, as said, the trouble is, that was long after the filing of the information, and the conviction was later set aside, and the plaintiff herein discharged. It has been held that, in a criminal malicious prosecution, based upon a discharge from a criminal charge, the evidence of the justice before whom the first trial was had, that the evidence there was not sufficient to sustain the charge, is inadmissible, and calculated to injure the defendant. *Dempsey v. State,* 27 Tex. App. 269 (11 Am. St. 193); 18 Ruling Case Law 54. Conversely, the opinion of Judge Wade, under the circumstances here shown, that the evidence was sufficient, was calculated to injure the plaintiff in the trial of this case.

The trial court admitted in evidence, over plaintiff's objection, the last opinion of this court in *Dickson v. Yates,* 194 Iowa 910. That opinion likewise was filed long after the filing of the information against the plaintiff herein by defendant Young. It was admitted for another purpose. That was an action to recover damages for an assault alleged to have been committed on and against plaintiff's person, and also for a trespass upon and damages to his real property. The main question in that case was as to whether there was a variance in the issues and proof, and involved the question whether, where conspiracy was charged, complaint could be made because the submission of the question of joint liability was denied, in the absence of evidence on the latter proposition. There was evidence in that case on some of the transactions testified to in the instant case. This opinion was admitted in evidence on the theory that de-

2. MALICIOUS PROSECUTION: evidence: irrelevancy: opinion in prior cause.

fendants had the right to show the result of the first case, the trial court saying:

"The plaintiff had offered evidence of the assaults and trespass at West Grove, upon his claim of malice. The defendants had the right to show by the result of the trial that as to any of them there was neither assault nor trespass, and therefore no malice. The final judgment of the Supreme Court upon these questions was in the last opinion in the Dickson-Yates case."

The evidence was admitted for that purpose only, as the court said. It would seem that if, under the circumstances of this case, the result in the first case was material, that could be shown without offering in evidence the entire opinion and the reasoning of the court or discussion of the evidence by which the result was reached. The result in that case was reached on the evidence introduced in that case. The evidence in the instant case on the same matters may not have been the same. The admission in evidence of the opinion, and the discussion of the evidence as it was then presented, would be likely to prejudice the jury in the trial of the instant case.

2. Since the case must be reversed on other grounds, we think it not advisable to enter into any extended discussion of the other proposition. The information against the plaintiff was filed by the defendant Young. This was a single act. It is claimed that Young so filed the information at the request of the Federal district attorney and the county attorney of Davis County, and perhaps others, without malice, as defendants contend and the trial court held. Plaintiff contends that there was a conspiracy to do this and the other things recited. Even though the plaintiff's pleadings are not susceptible of the construction placed thereon by the trial court, still the question as to how the case should be submitted would depend largely on the evidence introduced. The trial court was of opinion that conspiracy only was charged, and that such was the theory of the trial, and that there was no evidence warranting the submission as to joint or several liability of the different defendants. On a retrial the pleadings may be amended so as to clear up some of the questions which now appear to be debatable, and the evidence may be different on another trial; so that the

question as to the instructions and how the case shall be submitted on the next trial will depend upon the record then before the court.

The judgment is reversed and the cause remanded.—*Reversed.*

ARTHUR, C. J., and EVANS and FAVILLE, JJ., concur.