## MOFFATT ET AL. V. FISHER.

1. **Malicious Prosecution:** PROBABLE CAUSE. In an action for malicious prosecution the record of a judgment is *prima facie*, but not conclusive, evidence of probable cause.

2. ———: MEASURE OF DAMAGES. Where a party holding a lease of a mine for a specified time was ejected therefrom by a judgment in an action of forcible entry and detainer maliciously instituted, and which on appeal was reversed, the measure of his damages was held to be the reasonable value of the use of the premises for the time he was kept out of possession, together with the permanent injury, if any, to his leasehold interest.

*Appeal from Mahaska Circuit Court.*

FRIDAY, DECEMBER 14.

THE plaintiffs in their petition aver in substance that they leased from the defendant certain coal land, with the right to mine the same from October 12, 1871, to January 1, 1878; that they spent a large amount of money in digging entries and shafts; that the defendant maliciously and without probable cause caused an action of forcible entry and detainer to be commenced before a justice of the peace, in which action he obtained judgment for possession, and upon the issuance of a writ was put into possession; that afterwards upon appeal the judgment of the justice of the peace was reversed, but that the plaintiffs not only lost the use and profits of the mine during the time they were kept out of it, but that defendant permitted the water to remain in the mine, and took out certain timbers and by reason thereof the mine caved in, and the plaintiffs' lease-hold interest was destroyed. They ask damages for the loss of the use and profits of the mine during the time they were kept out of it, and also for the permanent injury done to their lease-hold interest. Judgment for $1,300. Defendant appeals.

*Crookham & Gleason* and *Lafferty & Johnson*, for appellant.

*John F. Lacey* and *M. E. Cutts*, for appellee.

ADAMS, J.—I. The first error assigned is in these words: "The court erred in giving each of the instructions given on its own motion." Section 3207 of the Code provides that the assignment of error must, in a way as specific as the case will allow, point out the very error objected to. This the assignment above set forth did not do. It presents nothing, therefore, for our determination.

II. Error, however, is specifically assigned upon the 5th instruction, which is in these words: "The transcript of the record of the trial before the justice of the peace, which has been introduced in evidence, shows there was a trial on the merits, and a verdict and judgment thereon in favor of the defendant herein, and this is *prima facie* but not conclusive evidence that there was probable cause."

*1. MALICIOUS prosecution: probable cause.*

It is contended by the defendant that the judgment of the ·justice of the peace was conclusive evidence that there was probable cause. The doctrine contended for by the defendant was held substantially in *Spring & Stepp v. Beson*, 12 B. Monroe, 551, and *Kay v. Kean*, 18 B. Monroe, 846.

In our opinion, however, the rule is too arbitrary to effect justice between parties in all cases. The weight to be given to a judgment, as evidence introduced to show probable cause, would depend much upon whether there was a full and fair trial in which the judgment was obtained. It was so held in *Goodrich v. Warner*, 21 Conn., 443. In that case WAITE, J., said: "If upon a full and fair trial, the evidence against the plaintiff was sufficient to satisfy the court of his guilt, that circumstance would afford strong presumptive evidence of ·probable cause." In that case the court below instructed the jury that the conviction was not conclusive evidence of probable cause, and the instruction was held to be correct.

· In *Parker v. Farley*, 10 Cushing, 279, the record of a conviction was introduced to show probable cause. While it was held conclusive, the ruling was qualified by the condition that the verdict of conviction was rendered upon instructions correct in matter of law. In the present action it is possible that the judgment of the justice was reversed solely by reason of

error in law. There is, indeed, some reason to think that it was. This action was brought for the malicious prosecution of an action of forcible entry and detainer. The lease in question provided that the lessee should pay as rent at the end of every two weeks one cent per bushel upon all coal taken out. We infer from the argument of counsel that the lessee, the present plaintiff, had paid the rent on all coal by him taken out and sold; that upon a small quantity taken out and not sold he did not pay within the time agreed; that at the time the action of forcible entry and detainer was brought he was owing the lessor, the plaintiff in that suit, some sixty-five cents for rent; that no demand, however, had been made for the rent; that in the trial before the justice the want of demand was not deemed material; that in the Circuit Court judgment was rendered against the plaintiff for the want of such demand. If such were the facts, as we infer, and as we will presume for the purpose of illustration, the judgment of the justice was reversed by reason of an error in law, and if the qualification attached to the rule as laid down in *Parker v. Farley*, above cited, is correct, as we think it is, provided the rule is to be maintained, then the judgment of the justice should not be held conclusive evidence of probable cause.

III. Error is assigned by the defendant upon the 7th instruction given by the court, which is in these words: "If 2. ——: ——: you find for the plaintiff upon this issue (malice measure of damages. and want of probable cause), you will allow the plaintiff such damages as he has shown from the evidence that he has sustained as the natural and direct consequences of his being ejected from the premises. The measure of the damages would be what the use of the premises was reasonably worth under the written lease which he held during the time that he was wrongfully kept out of possession thereof, and also the permanent damages to his leasehold interest, if any be sustained by reason of the mines caving in or otherwise getting out of repair, if this resulted from the failure of the defendant to use ordinary care during the time he thus held possession thereof."

It is insisted by the defendant that a recovery cannot be had

for the detention of property where the same is detained under an order or judgment of court, although afterwards reversed. In support of this proposition he cites *Head et al. v. Perry et al.*,1 Monroe, 253. Without stopping to inquire how far the rule contended for is correct as a general proposition, we are satisfied that such a rule could not be adopted in this case. The evidence shows that the plaintiffs had expended a large amount of money in opening the mine, that the mine was productive and profitable; that their lease was for a limited time; that they were kept out of the mine about fifteen months. Under these circumstances we think that the plaintiffs should be allowed to recover for the injury which they sustained. The plaintiffs depended upon the profits of the mine for reimbursement for their outlay. Had the mine been withheld until the lease had expired the outlay would have been lost even if the condition of the mine had not been impaired. It was withheld for about fifteen months. After that the restoration of the mine would not be a full restoration of the plaintiffs' property. The value of the plaintiffs' leasehold interest had diminished day by day. The value of the defendant's reversionary interest had been correspondingly increased. What the plaintiffs lost and the defendant gained the defendant should now pay for.

We think, also, that if the defendant did not exercise ordinary care in preserving the condition of the mine unimpaired, he should be liable for the injury sustained by the plaintiffs in that respect. During the pendency of the appeal he held the property in trust, and he must be regarded as charged with the responsibility incident to a trust, which is not less in any case than the exercise of ordinary care.

AFFIRMED.

Mr. JUSTICE SEEVERS, having been of counsel in the case, took no part in its determination.