Walker v. Camp.

WALKER v. CAMP.

63 627
94 640
63 627
102 504
63 627
116 299
63 627
122 393
63 627
130 338

1. **Evidence:** PAROL TO CONTRADICT WRITING: WHEN ALLOWED. It is competent to show that, *after* the execution of a chattel mortgage, the mortgagee gave the mortgagor permission by parol to sell the mortgaged property. It is only prior or contemporaneous parol agreements that are held to be merged in the writing.

2. ———: OF CONVERSATION: SUBSTANCE OF SUFFICIENT. Where a witness is called upon to relate a conversation, it is not often that he is able to repeat the words used, but he may give the substance of them; and such testimony is not generally to be excluded as the conclusions of the witness.

3. **Instructions:** REPETITION NOT REQUIRED. It is not error to refuse to give an instruction asked which is substantially covered by one given by the court on its own motion.

4. **Practice in Supreme Court:** ERRORS NOT ARGUED WAIVED. Errors assigned but not argued are deemed to be waived, and will not be considered on appeal.

5. **Malicious Prosecution:** PROBABLE CAUSE: MALICE: INSTRUCTION. In an action for malicious prosecution, the court instructed the jury, in effect, that the prosecution of an innocent person, without using reasonable care to ascertain the facts, is not justifiable; *held* that the instruction was not erroneous, as implying that plaintiff might recover upon proof of want of probable cause alone, without proof of malice, or of such facts as would justify the jury in inferring malice.

*Appeal from Black Hawk District Court.*

THURSDAY, JUNE 5.

ACTION for malicious prosecution. There was a trial to a jury, and verdict and judgment were rendered for the plaintiff. The defendant appeals.

*Charles A. Bishop,* for appellant.

*O. C. Miller,* for appellee.

ADAMS, J.—The plaintiff avers that defendant maliciously and without probable cause procured him to be indicted and prosecuted on a charge of grand larceny. The alleged lar-

ceny consisted, as is charged, in selling mortgaged personal property without the consent of the mortgagee.

I. The first question presented arises upon a motion to suppress portions of a deposition, to-wit, a deposition of one **1. EVIDENCE: parol to contradict writing: when allowed.** Ketchel, taken on behalf of the plaintiff. The property which the defendant charged the plaintiff with selling consisted of hogs and certain other property, mortgaged by the plaintiff to the defendant. Ketchel was present at the time the mortgage was drawn. The plaintiff sought to show by him that he heard the defendant consent to the sale of the property. Referring to the time the mortgage was drawn, he propounded to the witness an interrogatory in these words: "At that time, was there any conversation between Camp and the Walkers in relation to Camp's giving the Walker boys permission to sell or dispose of certain hogs and other property which they had mortgaged to Camp? If so, state fully what was said by James F. Camp in relation thereto." To this the witness answered: "There was such conversation at that time, and said Camp gave the Walker boys permission to sell and dispose of certain hogs and other property mortgaged by them to him. I heard Camp give the boys the privilege to sell such mortgaged property." The defendant moved to suppress this portion of Ketchel's deposition, on the ground that the words of Camp, if proven, were spoken at the time the mortgage was made, and would have the effect to contradict the terms of a written instrument. But the interrogatory inquired for what was said in regard to permission to the mortgagor to sell property which he "*had* mortgaged," and not which he was mortgaging or about to mortgage. We think that the motion was properly overruled.

II. The defendant moved upon other ground to suppress a part of the same evidence. The words, "I heard Camp give **2. ———: of conversation: substance of sufficient.** the defendant the privilege to sell such mortgaged property," and the words, "I heard said Camp make the same arrangement in regard to the prop-

erty mortgaged by them to him," he moved to suppress, on the ground that the same are conclusions of the witness. The interrogatory called for what was said. The witness did not undertake to give the precise words used.

It is not often that a witness, after the lapse of any considerable time, can testify to the exact words of a conversation, unless he made a memorandum of them, or made a special effort to fix them in his memory. But testimony in regard to a conversation is not necessarily to be rejected, though the witness disclaims his ability to remember the words used. If the subject of the conversation was such that the witness might easily misunderstand it, testimony which did not purport to give the words used would of course be less reliable, and possibly, in an extreme case, the court would be justified in excluding the testimony. But this, we think, is not such a case. Had the witness stated what words were used, his testimony, we think, would have been scarcely more satisfactory. We think that the court did not err in not excluding the portion of the deposition objected to. Some other testimony of a similar character was objected to; but what we have said above we think disposes of the objection.

III. The defendant asked the court in substance to instruct that, though the defendant consented that plaintiff might sell the mortgaged property, yet, if the defendant afterwards withdrew the consent, a sale made after the withdrawal would not be within the terms of the consent. The court refused to give the instruction asked, and the refusal is assigned as error. The instruction asked is covered by the sixteenth instruction given. There was, therefore, no error in refusing to give the one asked.

3. INSTRUCTION. repetition not required.

The defendant's counsel has evidently fallen into some confusion respecting the instruction asked. In his argument, he claims that the jury found that a portion of the property was sold after the consent was withdrawn. But that is no reason why the instruction asked should be given, if the court of its own motion gave an instruction which announced, in sub-

stance, the rule. If the jury found as alleged, that might be a reason why the general verdict should not have been allowed to stand; but that point is not urged in this connection. Besides, it does not appear that the jury found as is alleged. They found, it is true, that the consent was withdrawn, but they did not find that any sales were made afterwards.

IV. Another instruction was asked which the court refused to give, and the refusal is assigned as error. Here again the

4. PRACTICE in supreme court: errors not argued waived.

defendant's counsel seems to have become confused. The instruction is numbered 6. In argument the counsel says: "We think that the court erred in refusing to give the sixth instruction asked by the defendant. He then proceeds to argue the refusal to give the fifth instruction asked, which is the one that we have considered in the third division of the opinion; and the error assigned upon the refusal to give the sixth instruction asked is not argued. Errors assigned but not argued are considered waived.

V. The court gave an instruction in these words: "If you find that the defendant was informed that the plaintiff had

5. MALICIOUS prosecution: probable cause: malice: instruction.

sold property of the same kind as that mortgaged, and without using the means which an ordinarily reasonable and prudent man would exercise to learn whether it was the property mortgaged to him or other property, he would not be justified in commencing said criminal prosecution, unless the facts established that it was a part of the property mortgaged." The giving of this instruction is assigned as error.

The prosecution of an innocent person, without using reasonable care to ascertain the facts, is certainly not justifiable, and this is all that the court held. Whoever institutes a criminal prosecution should have probable cause for doing so, and probable cause is defined in a well considered opinion in *Barron v. Mason*, 31 Vt., 189, as " such a state of facts and circumstances as would lead a careful and conscientious

man to believe that the plaintiff was guilty." It is true that there may be a want of probable cause without malice, and, to justify a recovery for a malicious prosecution, there must be both. But the court did not say in the instruction that, if the facts as supposed were found, the plaintiff would be entitled to recover. Where there is want of probable cause, the jury may infer malice, but they cannot properly do so if all the facts disclosed lead to a different conclusion. We see nothing in the instruction inconsistent with this rule, and think it must be sustained.

VI. It is finally urged that the verdict is excessive. But we see no abuse of discretion, and it must be allowed to stand.

AFFIRMED.