HARRY WILSON v. S. M. THURLOW and W. A. EDDY, Appellants.

**Malicious prosecution:** PROBABLE CAUSE: EVIDENCE. Before commencing a criminal prosecution the complainant must use ordinarily reasonable and prudent means to ascertain the facts upon which the ·prosecution is based; and the question of probable cause is for· the jury except where the evidence is such that all reasonable minds must reach the same conclusion therefrom.

**Same:** ADVICE OF COUNSEL AS A DEFENSE. The advice of an attorney to constitute a defense ·to an action for malicious prosecution must be based upon a full and fair statement of all the facts within the defendant's knowledge, and the advice must have been acted upon in good faith ·and with a belief that there was good ·cause for the prosecution; and these are generally questions for ·the jury.

**Same:** CONSPIRACY. Evidence that several persons were jointly instrumental in filing a crimnal information thus causing a prosecution, and of their participation therein, will justify a finding of a conspiracy to prosecute the plaintiff.

**Same:** MALICE. Malice may be inferred from want of probable cause; and such inference alone will support a·finding of malice.

**Same:** PROBABLE CAUSE: MALICE: INSTRUCTIONS. Where the· court instructed that plaintiff must show that he was prosecuted substantially as alleged in the petition, that the prosecution was malicious and without probable cause and he must so prove, an instruction that defendants admitted that plaintiff was prosecuted substantially as alleged, was not objectionable as leading the jury to think that probable cause and malice were admitted.

**Same:** CONSPIRACY: EVIDENCE. Evidence that defendants agreed that

6  one of them should file an information causing the arrest of
   plaintiff, and that they should jointly assist in the prosecution,
   justified a finding that they both instigated or procured the
   prosecution, and rendered both liable for malicious prosecution.

Same: DAMAGES: INSTRUCTION.  Where the plaintiff asked as part
7  of his damages a certain sum for attorney's fees, and the evi-
   dence showed that he had paid or agreed to pay a less sum, and
   there was no showing that the jury allowed more on this item
   than the evidence warranted, the instruction that they might allow
   such attorney's fees as were proven, not in excess of the amount
   claimed, was proper.

*Appeal from. Clarke District Court.*—HON. THOMAS L.
MAXWELL, Judge.

THURSDAY, OCTOBER 17, 1913.

ACTION to recover damages for a malicious prosecution
and conspiracy. Trial to a jury, and verdict and judgment
for the plaintiff. The defendants appeal.—*Affirmed.*

*Jas. H. Jamison, Touet & Hedrick,* and *Lloyd
Thurston,* for appellants.

*V. R. McGinnis,* and *O. M. Slaymaker,* for appellee.

SHERWIN, J.—The plaintiff is a young colored man,
who is married and a resident of Clarke county. The
defendant Eddy filed an information before a justice of
the peace charging the plaintiff with an indecent exposure
of his person. The plaintiff waived an examination before
the justice, and gave a bond to await the action of the
grand jury of the county. The charge was duly presented
to the grand jury, but no indictment was returned, and the
plaintiff was therefore discharged. This suit was after-
wards brought by him to recover damages against both
Eddy, who signed and filed the information, and Thurlow,
who, it is alleged, conspired with Eddy to prosecute the

plaintiff and to injure and wrong him. There was absolutely no truth in the charge made against this plaintiff.

I. The appellants claim that there was no evidence before the jury to show want of probable cause, and because thereof that the court should have sustained their motion

1. Malicious prosecution: probable cause: evidence.

for a directed verdict. Information had come to Eddy and Thurlow that some colored man had shortly before made an indecent exposure of his person to some little school girls while the man was passing along the highway. This plaintiff had been drawing corn over that road, and practically on the strength of such fact he was charged with the crime, and this without any material investigation to determine whether he was the man who had made such exposure. Before commencing a criminal prosecution, the accusing person must use the means which an ordinarily reasonable and prudent man would exercise to learn the facts (Flackler v. Novak, 94 Iowa, 634; *Walker v. Camp,* 63 Iowa, 630, and, except where the evidence is so clear and undisputed that all reasonable minds must reach the same conclusion therefrom, the question whether there was or was not probable cause must be determined by the jury (*Krehbiel v. Hinkle,* 142 Iowa, 677). There was evidence in this case from which the jury might have concluded that the defendants did not exercise the degree of care required by the law, and that the charge was recklessly made.

II. It is further contended by appellants that the judgment should not be allowed to stand, because the record shows that they laid all of the facts before the county

2. Same: advice of counsel as a defense.

attorney before filing information, and then acted on his advice. Whether defendant in good faith acted on the advice of the county attorney is generally a question for the jury. *White v. Textbook Co.,* 144 Iowa, 92. Advice of an attorney to constitute a good defense must be based on a full and fair statement of the facts within defendant's knowledge, and

the advice must have been acted on in good faith and with the belief that there was good cause for the prosecution, and whether or not these things were done is a jury question. *White v. Textbook Co., supra; Center v. Spring,* 2 Iowa, 393; *Acton v. Coffman,* 74 Iowa, 17.

III. There was evidence justifying the finding that there was a conspiracy between the defendants to prosecute the plaintiff. They acted in concert; both being instrumen-

**3. SAME: conspiracy.**    tal in filing the information and causing the prosecution. All persons participating in such prosecution are liable. *Green v. Cochran,* 43 Iowa, 544.

IV. There was sufficient evidence of malice to take the question to the jury. Malice may be inferred from want of probable cause, and such inference alone may be

**4. SAME: malice.**    sufficient to sustain a finding of malice. *Pierce v. Doolittle,* 130 Iowa, 338; *Connelly v. White,* 122 Iowa, 391; *White v. Textbook Co., supra.*

V. Complaint is made of instruction 3, wherein the court told the jury that the defendants admitted that plaintiff was, in fact, prosecuted substantially as alleged in his

**5. SAME: probable cause: malice: instructions.**    petition. But the jury could not possibly have been led by such instruction to think that defendants admitted want of probable cause and malice, which, of course, the petition alleged. The court, in the first paragraph of the instructions told the jury that certain requisites were necessary to entitle plaintiff to recover, (1) that he was prosecuted in a criminal action substantially as alleged, (4) that the prosecution was without probable cause, and (5) that said prosecution was malicious. Instruction 3 was made specifically applicable to the first requisite named in the first instruction, and in instructions following No. 3 the court instructed that the plaintiff must prove want of probable cause and malice.

VI. Instruction 4 given by the court will not bear the

interpretation given it by defendants. It did not tell the jury that, if Thurlow had knowledge that Eddy was going to file an information against the plaintiff, such fact would be sufficient to constitute conspiracy. What the court did say was that if it was agreed and understood between Eddy and Thurlow that Eddy should file the information and cause the arrest of the plaintiff, and that they would both jointly encourage and assist in the prosecution of the charge, the jury would be justified in finding that Thurlow with Eddy instigated or procured the prosecution. The instruction. is in. our judgment beyond criticism.

6. SAME:
conspiracy:
evidence.

VI. The petition asked for the recovery of attorney's fees in the sum of $25 as a part of the damages. The evidence showed that the plaintiff had either paid or agreed to pay $15 for his defense to the charge made against him, and the court instructed that the jury might allow him such attorney's fees as were proven, not to exceed the amount claimed in the petition. There is nothing to show that the jury allowed more for attorney's fees than the evidence warranted, and the complaint of the instruction is without merit. Two juries have found this plaintiff entitled to recover on this cause of action, and we now find no just reason for sending the case back for another trial. The judgment is therefore —*Affirmed.*

7. SAME:
damages:
instruction.