ORVILLE GRANTEER, Appellee, v. PETER THOMPSON, Appellant.

**MALICIOUS PROSECUTION:** Malice and Probable Cause—Advice of Counsel as Defense. It is a complete defense to an action for malicious prosecution that the prosecuting witness in good faith disclosed to the county attorney all the facts possessed by him, and was advised by such attorney that such facts were (1) sufficient to show the commission of an offense, and (2) sufficient to warrant the institution of criminal proceedings against the accused; and it matters not that the proceedings were commenced by preliminary information, instead of by original proceedings before the grand jury, as suggested by the attorney.

DE GRAFF, C. J., and VERMILION, J., dissent.

**TRIAL:** Instructions—Unpleaded Issue. The submission to the jury of an issue, and the placing of the burden on a party to prove the affirmative thereof, when the party was in no manner presenting such issue, constitute reversible error. So held where, in an action for malicious prosecution, the court submitted the unpleaded issue of actual guilt of the plaintiff of the offense in question. (See Book of Anno., Vol. 1, Sec. 11493, Anno. 473 et seq.)

DE GRAFF, C. J., and VERMILION, J., dissent on instant record.

Headnote 1: 38 C. J. p. 428. Headnote 2: 4 C. J. p. 1036; 38 C. J. pp. 511, 518; 38 Cyc. p. 1615.

Headnote 1: L. R. A. 1915D, 85; 18 R. C. L. 45. Headnote 2: 14 R. C. L. 784.

*Appeal from Shelby District Court.*—EARL PETERS, Judge.

· APRIL 9, 1926.

REHEARING DENIED FEBRUARY 16, 1927.

Action for malicious prosecution. Verdict for the plaintiff, and the defendant appeals.—*Reversed.*

*White & White,* for appellant.

*M. B. Bailey* and *Thomas H. Smith,* for appellee.

FAVILLE, J.—Appellee is a minor, and at the time of the transaction involved in this case was about seventeen years of age. He lived with his father on a farm adjoining that of appellant. At that time, appellant's cattle were in a pasture adjoining a field of appellee's father's which was in corn. The places were separated by a wire fence. About noon on July 27, 1922, a son of appellant's discovered one of appellant's cows lying down in the pasture, with an injury to her leg. The injury is described as a clean-cut wound on the left hind leg through the skin and two of the large tendons that run along back of the bone. Shortly afterwards, appellant made a search around the pasture fence. In so doing, he discovered cattle tracks in the adjacent cornfield. He discovered where there had evidently been a hole in the fence, by a ravine, or draw, running in a westerly direction from the pasture into the cornfield, which appeared to have been recently mended. He failed to discover any evidences of blood on any of the wires around the pasture at any place. The next morning, he made another examination, and discovered evidences of human tracks, leading eastward from the fence a distance of about 76 steps from the hole in the fence to a pool of blood in his pasture field. He failed to discover any signs of blood near the fence. He summoned a neighbor, who went with him and assisted in making an examination of the situation in and about the premises. They discovered tracks of a person leading from the fence into the pasture of appellant to the spot where the pool of blood had been found, and a returning track from said place to the fence. There was no blood between the fence and the said pool of blood, nor was there evidence of blood or hair upon the wires of the fence.

The parties discovered tracks in the cornfield of two different sizes, one smaller than the other. The tracks leading to the pool of blood in the pasture were apparently made by a number nine shoe. The evidence in behalf of appellee is that he wore a number eight shoe, although there is evidence tending to show that he testified at the preliminary hearing that he wore a number nine shoe. A veterinarian was called, who examined the animal, and who expressed to appellant his opinion that the wound on the cow had been caused by some sharp instrument. Thereafter, appellant, with his neighbor, called upon the county attorney, and told him what he had discovered, and that he suspected appellee of having injured his cow. The county attorney drew a preliminary information, and appellee was arrested and brought before a committing magistrate, where he had a hearing, at which he appeared in person and by counsel. The hearing was conducted in behalf of the state by the county attorney, and appellee was bound over to the grand jury on the charge of malicious injury to an animal. Thereafter, the grand jury returned an indictment against appellee, charging him with said offense, and he was subsequently tried in the district court and acquitted. Thereupon this action was instituted.

I. The first question that confronts us is the ruling of the trial court upon appellant's motion for a directed verdict. In *Wilson v. Lapham*, 196 Iowa 745, we said:

"The absence of any conflict in the evidence on the issues of malice and want of probable cause imposed upon the court the duty of determining these as questions of law. *Jenkins v. Gilligan*, 131 Iowa 176; *Erb v. German Am. Ins. Co.*, 112 Iowa 357; *Parker v. Parker*, 102 Iowa 500."

In most jurisdictions, the proof of the obtaining of advice of counsel before instituting the criminal proceeding goes to the question of probable cause. 38 Corpus Juris 428. In this state, we have recognized the rule (*Wilson v. Lapham,* supra) that:

"If one about to instigate a criminal prosecution consults an attorney, and makes a full and fair statement of the facts to him, and such attorney advises a criminal prosecution, based

1. MALICIOUS PROSECUTION: malice and probable cause: advice of counsel as defense.

upon such a statement, his advice may be relied upon as a defense to a subsequent action for malicious prosecution. *Necker v. Bates,* 118 Iowa 545; *Wilson v. Thurlow,* 156 Iowa 656; *White v. International Textbook Co.,* 144 Iowa 92; *Parker v. Parker,* supra; *Pierce v. Doolittle,* 130 Iowa 333. We said, in *Wilson v. Thurlow,* supra, that: 'Advice of an attorney, to constitute a good defense, must be based on a full and fair statement of the facts within defendant's knowledge, and the advice must have been acted on in good faith, and with the belief that there was good cause for the prosecution.' "

In the instant case, the undisputed evidence shows that appellant went before the county attorney and made disclosure to him of the facts in his possession. No fair question of dispute arises but that said disclosure was a full, complete, and fair statement of all of the facts in possession of appellant. The point is urged, however, that the county attorney did not advise the instigation of a criminal proceeding by the filing of a preliminary information, and that appellant did not act upon the advice of the county attorney in this matter. The testimony of the county attorney in respect to said matter is as follows:

"I suggested that I didn't think the boy would run away, and that the only advantage of having a preliminary hearing before a justice of the peace was to put a man charged with crime under bond, so he could not get away, and suggested that, therefore, there wasn't any reason why the matter would have to be handled that way, and we could wait until the grand jury came, and the grand jury could investigate it, and in the meantime we could be investigating the size of the shoes worn by the father and son and members of the Granteer family, and probably determine which one of them had been down there in that pasture; and Mr. Peterson insisted again, I think several times, that he knew it was the boy, because the boy had done those other things, as he claimed. There was something said about malicious prosecution, and Mr. Thompson's story on the witness stand yesterday has recalled to me, in that connection, we were talking about waiting for the grand jury. I said to him or to them that then, if the matter was taken up in that way, there could not be any chance of a damage suit, because the grand jury would call the witnesses, and there would be no complaint

filed by the individual; and we talked the matter back and forth in that manner, and Mr. Peterson, as I say, kept insisting that it was the boy that had done it; and I then said, in substance, to Mr. Thompson, 'Well, do you want to file an information?' and he said that he did; so I said that I would prepare one, if he wanted to sign one; and as I recall it now,—I might be mistaken about the circumstances,—as I recall it, we were then at the office, and I went to my blank filing case, and didn't have a blank information; and we came over, I think, to the justice's office, and there I obtained one, and filled it in with pencil."

When this statement is fairly construed, it cannot be held that appellant was not fully warranted in filing the information, under this statement by the county attorney. It is true that the neighbor who was with him appears, from the statement of the county attorney, to have been insisting that appellee had committed the offense. The advice of the county attorney to postpone the matter and wait until the convening of the grand jury was coupled with the suggestion of preparing an information and filing it forthwith; and this the county attorney did, and followed it up with the prosecution of the cause. The grand jury investigated and considered the matter, and returned an indictment, upon which subsequently a trial was had. It does not appear from this record that appellant took any active part in the prosecution after the filing of the information before the committing magistrate.

Under the rule in this state, the advice of counsel, obtained in good faith, upon a fair and full disclosure of all of the facts in possession of a party, is a complete defense to an action for malicious prosecution. *Wilson v. Lapham*, supra; *Mesher v. Iddings*, 72 Iowa 553; *Johnson v. Miller*, 69 Iowa 562. Especially should this be the rule where the disclosure is made to the public official whose duty it is to investigate and prosecute crime. It is the duty of such official to discourage, and in a large measure it is within his power to prevent, the institution and prosecution of criminal actions which he regards as ill-advised and improper. But it cannot be said that a citizen who in good faith makes a complaint to a county attorney, with a full disclosure of the facts, is to be subjected to malicious prosecution for filing a preliminary information, rather than presenting a

matter to the grand jury,—even though the county attorney recommends the latter course,—where the county attorney proceeds at once to prepare the necessary information and to have the same filed and to carry on the prosecution of the action.

But one construction can be placed upon the statements and action of the county attorney in the instant case, and that was that, upon the disclosure made to him by appellant, it was his judgment and advice that a crime had been committed, and that there was sufficient evidence to warrant the institution of criminal proceedings against appellee therefor. It would be a serious handicap to the enforcement of criminal law if a citizen could not feel free to make full disclosure to a public prosecutor in good faith, and rely upon the advice and action of the prosecutor in drawing the necessary papers and proceeding in the prosecution of the case.

We have not attempted to set out all the evidence in the case, but we have examined it with great care. In view of a possible retrial, extended comment would be out of place.

Upon the record as made upon the trial, the lower court erred in not sustaining appellant's motion for a directed verdict.

II. The court gave the jury the following instruction:

"In order for you to find that the plaintiff was guilty of the crime of injuries to beasts, it must be shown by the defendant, by the preponderance or greater weight of the evidence, 2. TRIAL: instructions: unpleaded issue. that, at the time charged in said information, the plaintiff maimed or disfigured a cow belonging to the defendant herein, and that said act was done by the plaintiff maliciously. If both of said matters are thus shown by the evidence before you, then you should find that the plaintiff was guilty of the offense charged against him, but if either one or both of said matters are not thus shown by the evidence before you, then you should find that the plaintiff was not guilty of said offense."

Upon the record in this case, this instruction cannot be sustained. Appellant made no claim upon the trial that appellee was guilty of the crime charged in the criminal prosecution. It is quite true that it would have been available to appellant as a defense to show that appellee was in fact guilty of the crime charged. *Bruley v. Rose*, 57 Iowa 651; *Parkhurst v.*

*Masteller*, 57 Iowa 474. But appellant made no such contention, as a part of his defense in this case. It is not claimed that appellant, by evidence or argument or otherwise, at any stage of the proceedings in this action, advanced any such theory. By the instruction the court assumes that appellant was endeavoring to prove that appellee maimed or disfigured the cow belonging to appellant. The instruction directs the jury that the burden rested upon appellant to show, by a preponderance or greater weight of the evidence, that appellee was guilty of the offense charged against him. It placed the burden upon appellant in regard to a matter for which he was not contending, and it cannot be said that it was without prejudice. The burden rested upon appellee to establish that the criminal action was instituted without probable cause. No burden rested upon appellant to establish the guilt of appellee of the offense charged in the criminal action, unless he chose to assume that burden, which he might have done, but which he did not do.

For the reasons pointed out, the judgment of the district court must be, and it is,—*Reversed.*

EVANS, STEVENS, ALBERT, and MORLING, JJ., concur.

DE GRAFF, C. J., and VERMILION, J., dissent.

VERMILION, J. (dissenting).—I am unable to agree with the majority. If we concede that the defendant made a full and fair statement of the facts to the county attorney and acted on his advice, the question still remains whether, in commencing the prosecution, the defendant acted in good faith and in the honest belief that the plaintiff was guilty; and this, I think, was a question for the jury. *Johnson v. Miller*, 82 Iowa 693; *White v. International Textbook Co.*, 144 Iowa 92.

Further, I do not think that the defendant can complain of an instruction that was in his favor, even though the issue of the plaintiff's guilt was not tendered by the pleadings. The question of his guilt inhered in the question of probable cause. If the jury found that he was in fact guilty, there was probable cause for the prosecution. *Parkhurst v. Masteller*, 57 Iowa 474; *Bruley v. Rose*, 57 Iowa 651.

DE GRAFF, C. J., joins in this dissent.