CLARA BOIKE, Appellee, v. A. S. HARRIS, Appellant.

No. 45432.

MARCH 10, 1942.

Leming & Hobson, for appellant.

Lundy, Butler & Lundy, for appellee.

WENNERSTRUM, J.—Plaintiff brought an action against the defendant for malicious prosecution. The defendant in his answer pleaded a general denial. A verdict was returned against the defendant and he has appealed.

Plaintiff and her husband, prior to the bringing of this action, had been employed by the defendant on his farm. As a part of the compensation to plaintiff's husband it was agreed that the family was to receive the necessary milk and cream for their table use. Plaintiff assisted in the milking, took care of the cream, and kept the cream cans clean. The defendant apparently reached the conclusion that he was not getting enough cream for the number of cows that were being milked, and suspected plaintiff and her husband of selling some of the cream. He went to several near-by creameries and learned that the husband of plaintiff had sold cream to them, and also obtained information that on some of these occasions the plaintiff was with her husband. The general practice in the selling and disposing of the cream from the farm was through cream collections made by cream haulers on a regular route who delivered it to a near-by creamery.

It is further shown by the evidence that the defendant obtained memorandum slips from several creameries showing sales of cream by plaintiff's husband; that he took these slips to the county attorney of Hancock county and related to him what he had discovered, and also advised him as to the terms and nature of the husband's employment. He inquired of that official as to what action should be taken. Upon being advised as to the facts, as related, the county attorney prepared an information which was signed by the defendant. The county attorney also prepared a warrant of arrest, and a deputy sheriff took the information to a justice of the peace, who issued the warrant. Thereafter the deputy sheriff placed the plaintiff and

her husband under arrest. The plaintiff was not placed in jail at any time and was later released without bond, and the case against plaintiff was continued on three different occasions by the justice of the peace. On final presentation of the matter before the magistrate, his disposition of the case, as noted by the entry in his docket, was as follows: "Case tried. Defendants found not guilty. Costs taxed to plaintiff, paid by State."

The information which was prepared by the county attorney and signed by the defendant bore the printed designation "Preliminary Information." The body of the information is as follows:

"The above named defendant is accused of the crime of Larceny for that on or about the 21st day of August, A. D. 1937, and subsequent thereto, in the County of Hancock, State of Iowa, said defendant did unlawfully, wilfully and feloniously did steal, take and carry away property belonging to one A. S. Harris, without his knowledge or consent contrary to the statutes in such cases made and provided in the 1935 Code of Iowa and against the Peace and Dignity of the State of Iowa.

(Signed) A. S. Harris."

The warrant of arrest which was served on the plaintiff was in part as follows:

"To ANY PEACE OFFICER IN THE STATE: Preliminary information, upon oath, having been this day filed with me, charging that the crime of Larceny has been committed, and accusing Clara Boike thereof.

"You are commanded, in the name and by the authority of the State of Iowa, forthwith to arrest the said Clara Boike and bring her before me at my office * * *."

One of the matters which was an issue in the trial before the district court was as to the nature of the proceedings before the justice of the peace. It was the defendant's contention that, although the forms used made reference to a preliminary information, the proceedings involved an amount under $20 and the justice had tried the matter as an action solely determinable by him. As previously noted, the justice of the peace discharged and released the defendant in the criminal action, now the plain-

tiff in this action, upon a submission of all the evidence to him.

The defendant contends that the court was in error in certain respects, a portion of the claimed errors being: (1) The failure of the court to direct a verdict in defendant's favor at the close of plaintiff's evidence, claiming that the amount of property taken determined whether the offense was an indictable or nonindictable one and that there was no showing by the plaintiff that the proceeding before the justice of the peace was on an information charging the plaintiff with an indictable offense; (2) the refusal of the court to direct a verdict at the close of all the evidence, in that the defendant's evidence showed that he had made a full and fair disclosure of all the facts to the county attorney of Hancock county and that the defendant relied upon the county attorney for advice, and also that the plaintiff at no time sustained the necessary proof of the essential elements of her case, which were want of probable cause and that the prosecution was malicious.

It is shown by the defendant's testimony that he consulted the county attorney of Hancock county, Iowa, who told him that the facts would not justify a grand-larceny charge but that it would be petty larceny. The defendant also testified that the county attorney told him to file an information and that official made out the papers and asked him to sign them.

The county attorney testified that in his conversations with the defendant in this action the question arose as to whether the plaintiff might be guilty of any offense, and at that time the defendant told him that he did not know what to do, that it was up to him. The county attorney further testified that he told the defendant that, if the plaintiff knew her husband was taking the cream that did not belong to plaintiff's family and was helping the husband sell it and they kept the money, she was just as guilty as her husband, and that he, the county attorney, suggested that the defendant file an information against both of them. He also testified that the information was prepared in his office, under his direction, by his office girl.

The county attorney also testified, which evidence is undenied, that at the hearing before the justice of the peace he advised the magistrate and the defendant (the plaintiff in this case) that the amount involved was between $13 and $15.

The evidence also discloses that the record which the justice of the peace kept shows that when Clara Boike (plaintiff herein) was brought before him, she was arraigned and pleaded not guilty, and, upon trial, was found not guilty. This evidence cannot be said to bear out the plaintiff's claim, and the trial court's conclusion, that the proceeding before the justice of the peace constituted a preliminary hearing on information charging a felony for the purpose of determining whether or not the defendant should be bound over to the grand jury.

It will be observed that the information was prepared by the county attorney and this official used a form designated "Preliminary Information." It is further shown by the testimony, previously referred to, that the defendant left the matter of the preparation of the information to the county attorney. We do not feel that the defendant in this case should have it held as a matter of law that the information filed was for the purpose of determining whether or not the defendant in the criminal case should be bound over to the grand jury because of the mistake of judgment on the part of the county attorney in the preparation of the information.

The case of Newman v. Davis, 58 Iowa 447, 449, 10 N. W. 852, 853, is somewhat in point. In that case it is shown that the defendant informed the justice of the peace as to certain facts and upon these facts the justice prepared an information which the defendant signed. In this last-cited case the court quoted with approval from the case of McNeely v. Driskill, 2 Blackf., Ind., 259 as follows:

" 'If a justice of the peace, by mistake of judgment, conceives an act to be a felony which is not a felony, and in consequence of that mistake, causes an innocent person to be arrested and imprisoned, the law will not hold the person who made the complaint responsible in this form of action, for the consequences of such errors.' "

We believe that the last-quoted statement is applicable to the present case. At least, it is controlling to the extent that we have concluded that the court was in error in holding as a matter of law that the proceeding before the justice of the peace in the instant case was a preliminary hearing to ascertain whether or not the plaintiff should be bound over to the grand jury.

In an action for malicious prosecution this court has repeatedly held that it is incumbent upon the plaintiff to show: (1) The previous prosecution; (2) the instigation of procurement thereof by the defendant; (3) the termination thereof by the acquittal or discharge of the plaintiff; (4) want of probable cause; and (5) that the prosecution was malicious. The burden of proof is upon the plaintiff to show these essentials of the action.

With these essential requirements before us as a guide, it is first incumbent upon this court to pass on the question as to whether or not this case should have been submitted to the jury, and particularly, to give consideration to the question as to whether or not there was want of probable cause in the instigation of the criminal action brought against the plaintiff in this suit.

In Bair v. Schultz, 227 Iowa 193, 200, 288 N. W. 119, 122, this court, speaking through Stiger, J., said:

"We have often defined probable cause as 'the knowledge by the prosecuting witness of such a state of facts as would lead a man of ordinary caution and prudence, acting conscientiously, impartially, reasonably, and without prejudice, to believe that the person accused is guilty. The question of probable cause may be one of law or one of fact. If the evidence shows conclusively that the prosecution was begun with probable cause, the question is one of law, and a verdict should be directed for the defendant.' Hepker v. Schmickle, 209 Iowa 744, 747, 229 N. W. 177, 179; Dickson v. Young, 208 Iowa 1, 221 N. W. 820; Knapp v. Chicago B. & Q. R. Co., 113 Iowa 532, 85 N. W. 769; Shaul v. Brown, 28 Iowa 37, 4 Am. Rep. 151; Center v. Spring, 2 Iowa 393.

"Except where the evidence is so clear and undisputed that all reasonable minds must reach the same conclusion therefrom, the question whether there is or is not probable cause must be determined by the jury. Gripp v. Crittenden, 223 Iowa 240, 271 N. W. 599; Wilson v. Thurlow, 156 Iowa 656, 137 N. W. 956; Krehbiel v. Henkle, 142 Iowa 677, 121 N. W. 378."

In connection with the question as to whether or not the defendant in this action acted upon probable cause, consideration in this particular instance can and should be given to the fact

that all the defendant did was upon advice of the county attorney and after a full disclosure to that official of all the facts known to the defendant in this suit. In connection with this claimed defense of the defendant in this action, attention is here called to our statement in the case of Hepker v. Schmickle, 209 Iowa 744, 751, 229 N. W. 177, 181, where this court said:

"Under proper circumstances and conditions, such advice will absolve one from liability for malicious prosecution. Wilson v. Lapham (196 Iowa 745), supra; Granteer v. Thompson (203 Iowa 127), supra; White v. International Textbook Co., 144 Iowa 92. In the Granteer case we declared:

" 'Under the rule in this state, the advice of counsel, obtained in good faith, upon a fair and full disclosure of all of the facts in possession of a party, is a complete defense to an action for malicious prosecution.' "

We have given careful consideration to the entire record in this case. Inasmuch as the defendant was at all times acting under advice of the county attorney and did what that official advised him to do, we are constrained to hold that there was no want of probable cause on the part of the defendant and that there is not sufficient showing that the prosecution was maliciously instituted. The record undeniably discloses that the defendant in this action advised the county attorney that he did not know what to do and that he was leaving it to that official to give him advice.

We therefore hold that the trial court was in error in not directing a verdict and that this cause should be reversed. Our disposition of this case upon the issue commented upon makes it unnecessary to pass upon other errors of which complaint is made.—Reversed.

BLISS, C. J., and MILLER, HALE, and STIGER, JJ., concur.