### H. B. HIDY, Appellant, v. WILLIAM MURRAY.

**Malicious Prosecution:** PROBABLE CAUSE: *Burden of proof.* Evidence that plaintiff, in an action for malicious prosecution, was 1 discharged by the magistrate on the evidence offered by the state, makes a *prima facie* showing of want of probable cause, throwing on the defendant the burden of overcoming the effect thereof.

JURY QUESTION. Evidence that plaintiff, in an action for malicious prosecution, was discharged on the evidence offered by the state, 1 requires the submission to the jury of the question of the good faith of the defendant in bringing the criminal proceedings, although he stated the facts to an attorney before filing the information, and acted on his advice in instituting the proceedings.

EVIDENCE OF MALICE. Evidence that defendant, in an action for malicious prosecution, had said concerning plaintiff that he was a rascal, and that before he was through with him he would have 2 him behind the bars, is admissible on the question of malice, even though such statement was made after he had taken advice of counsel, and been told that plaintiff was guilty.

**Offer of Evidence:** PART INADMISSIBLE. Where an offer to introduce in evidence a judgment, which by itself is admissible, includes 3 also various papers which are clearly inadmissible, the whole offer must be excluded.

*Appeal from Benton District Court.*—HON. G. W.
BURNHAM, Judge.

FRIDAY, JANUARY 30, 1897.

ACTION for malicious prosecution and for slander.
Judgment for defendant, and the plaintiff appealed.
—*Affirmed* in part, and *reversed* in part.

*J. J. Mosnat* and *Tom H. Milner* for appellant.

*C. Nichols* and *Whipple & Zollinger* for appellee.

GRANGER, J.—I. The petition is in three counts,
the first being for malicious prosecution, and the other
two for slander. The cause for a malicious prosecu-
tion is based on an information filed by defendant,
charging plaintiff with the crime of larceny. The
actions for slander are for saying of the plaintiff that
he was a thief. The answer is in five divisions, the
first of which is a denial of all averments in the peti-
tion not specifically admitted. The second is directed
to the count for malicious prosecution, and admits the
filing of the information, and that plaintiff was dis-
charged by the magistrate without evidence on his
part, and denies all other averments. The other divi-
sions are directed to the counts for slander, and con-
sist largely of a statement of mitigating facts. The
arguments, as well as the condition of the record,
show that the court directed the verdict in the action ·
for malicious prosecution, for the reason that it
appeared that there was probable cause for fil-
ing the information. The pleadings show, and
hence it was an established fact in the case,
that defendant did file the information, and that plain-
tiff was discharged by the magistrate, on the evidence
offered by the state; that is, without evidence in his

behalf.  Appellant claims that such a condition
of the record made a *prima facie* showing, for
plaintiff, of a want of probable cause, and that
the burden then shifted to the defendant, to
overcome the effect of the *prima facie* showing.
That seems to be the rule.   In Pennsylvania, the rule
is stated as follows:   "When one accused of crime
has been discharged by the examining magistrate,
and brings an action for malicious prosecution
against the prosecutor, the burden of proving prob-
able cause is on the defendant."   *Barhight v. Tam-
many*, 28 Atl. Rep. 135.   The following is the language
of the supreme court of Wisconsin, after a review of
a large number of cases:   "We must hold, therefore,
that the above instruction of the court to the jury,
that the judgment of the justice discharging the
plaintiff on the examination, is *prima facie* evidence
of want of probable cause, was correct, and is sus-
tained by reason and the better authorities."   *Bige-
low v. Sickles*, 49 N. W. Rep. 106.   In Greenleaf on
Evidence (15th Ed.), section 455, it is said:   "The dis-
charge of the plaintiff by the examining magistrate,
is *prima facie* evidence of the want of probable cause,
sufficient to throw upon the defendant the burden of
proving the contrary."   It is true, the authorities are
not uniform, but the above rule seems to be well sus-
tained on authority, and is the more reasonable one.
It is not to be thought that this rule in any sense
impairs the general rule of this state that in cases
for malicious prosecution, the burden is on the plaintiff
to show both malice and want of probable cause.  The
rule of this case obtains after a *prima facie* showing, in
some way, of a want of probable cause, so as to shift the
burden.   With the rule of law thus settled, we think
the district court erred in directing a verdict for
defendant on this branch of the case.   A defense to
this cause of action is that, before filing the information,

the defendant stated the facts to an attorney, and that he acted under his advice in instituting the proceedings; and it is thought that showing, with the evidence for its support, is such as to justify the action of the court, but we think not. There is, against that showing, the fact that, without evidence for himself, he was discharged, and that fact, as well as that of taking counsel of the attorney, are to be considered in determining the good faith of the defendant in acting under such advice, if he did so. It would be quite difficult, with this *prima facie* showing of a want of probable cause, to avoid a substantial conflict, so as not to make the question one for the jury. It could, of course happen, but it is not true of this case. We are so limited in the treatment of evidence, where a case is to be re-tried, that the true situation cannot well be presented. It is better that we limit our discussion than that we put in the opinion what can be seized upon as our views of what is shown from the evidence. We may add, also, that we think the question of malice was one for the jury. We are led to think there is no claim to the contrary if there is such a state of the record that the question of probable cause remains, for if want of that should be found, it might be a ground for finding malice; that is, a fact from which malice might be inferred, though not necessarily so.

II. It appears that the court struck out some testimony showing that defendant had said of and concerning the plaintiff that he was a rascal, and, before he was through with him, he would have him behind the bars. Such testimony was proper, as bearing on the question of malice. *Holden v. Merritt*, 92 Iowa, 707 (61 N. W. Rep. 390). It is said that these things were said after defendant had taken advice of counsel, and had been told that plaintiff was guilty. We do not see how that fact makes any

difference as to the admissibility of the evidence. It might materially affect its value, even to the extent of rendering it of no imj ort mce; but it is, nevertheless, admissible, and the jury may determine its weight. It is said that it is not offered in support of the malicious prosecution case, but only as to the action for slander. While the record might lead one to think such was the purpose in the mind of counsel in offering it, it was in the case, as we view the record, for any purpose for which it was proper.

III. Plaintiff offered in evilence judgment docket O, of the district court, which was excluded on objection. Complaint is made of the ruling. It was not erroneous as the offer was made. The record shows that the offer included various papers, such as briefs, demurrers, etc., which were clearly improper. It may be well to say, that as the offense charged in the information (larceny or embezzlement), was of money, from defendant, involved in their business affairs, and as the real status of their accounts might become material, as bearing on the fact of probable cause in filing the information, the judgment itself, and, possibly, the rights adjusted in the suit, might be material. Had the offer been made alone as to the judgment, we should have thought it error to exclude it.

IV. The motion is so framed that it asks in separate divisions, the action of the court as to each cause of action stated. The parts of the motion directed to the counts for slander ask that a verdict be directed as to each of them, for the reason that, as to one count, the evidence shows no cause of action, and, as to the other, that it fails to sustain one. We think that, as to these causes of action, the ruling of the court is right. As to the third count, there is scarcely room for doubt; and as to the second count, it is not so clear, as to a technical right of recovery,

but, if there could be a recovery for substantial damages, they must be nominal. Such a right, even, is doubtful. The actions for slander and malicious prosecution involve largely inquiries as to the same facts. They all grow out of partnership dealings, and we do not see how we can give extended reasons for our conclusion on this branch of the case without discussing questions of evidence likely to be involved in another trial of the action for malicious prosecution; nor is it important that we should do so, as it could not serve as a precedent in other cases. The case will be remanded for further proceedings as to the cause of action stated in the first count of petition. As to the other counts, the action of the court is sustained, and the judgment as to such cause of action will stand.— AFFIRMED. As to the other cause, it is REVERSED.