HENRY NECKER, Appellee, v. N. L. BATES, Appellant.

**Malicious Prosecution:** WHEN ACTION WILL LIE: EVIDENCE. An action for malicious prosecution will lie where the defendant instituted criminal prosecution against plaintiff maliciously and without probable cause. Evidence considered showing same.

**Advice of Justice of the Peace:** NO DEFENSE TO ACTION. The action and advice of a justice of the peace in instituting a criminal proceeding cannot be relied upon as a defense to an action for malicious prosecution.

*Appeal from Buchanan District Court.*—Hon. A. F. Blair, Judge.

Thursday, December 18, 1902.

The defendant in this case, N. L. Bates, filed an information, under oath, before a justice of the peace, charging plaintiff, Henry Necker, with the larceny of a harness. He also filed an affidavit for a search warrant, setting forth, in substance, a theft of his harness, and that he had good reason to believe the same was in possesson of Necker, and secreted in or about the premises where he resided. Necker was arrested, and upon being brought before the justice a continuance of the proceedings was had, to enable him to procure counsel and prepare for trial. Under the search warrant which was issued, the officer to whom the same was delivered seized a harness found in a barn on the farm where Necker resided with his parents; such harness being pointed out by Bates as his property, for the seizure of which the search warrant was issued. Before the day fixed for trial, Bates appeared before the justice and made payment of the costs, and requested that the prosecution of Necker be dropped. It does not appear that Necker was informed of this, and on the day fixed for trial he appeared with his attorney before the justice. There being no one present to prosecute, the criminal charge against him was dismissed, and he was discharged. In the meantime the harness taken under the search warrant had been turned over to Bates, who thereafter continued in the possession of the same. This action was brought by plaintiff to recover damages as for malicious prosecution. There was a jury trial, and verdict and judgment in favor of plaintiff.

*Cook & Leach* for appellant.

*Springer & Smith* for appellee.

BISHOP, J.—Defendant, by his son Charles Bates, had for some time occupied as a tenant a farm belonging to Chris Necker, father of appellee. While on such farm, Charles Bates had in his possession a chain-trace harness belonging to his father, which harness was the subject of the alleged larceny in the proceedings before the justice of the peace. Upon the trial of this case in the court below, it was the contention of defendant that, when Charles Bates vacated and gave possession of said farm to said Necker, he took said harness over to his father's farm, which adjoined the Necker farm, putting it in a granary, and there leaving it; that later on the granary was broken into, and the harness stolen therefrom. The plaintiff contended, on the other hand, that the harness had been left by Charles Bates, at the time of his removal, in a barn on the Necker farm, where it remained until taken by the officer under the search warrant. That ill feeling existed between the two families, growing out of the tenancy of the Necker farm by defendant and his son Charles Bates, is clearly apparent. When appellant discovered that his harness was missing, it appears that he accosted appellee in relation thereto, and was met with an evasive answer, but was subsequently told that the harness was hanging in the Necker barn, where it had been left. Appellant sent his young son over for the harness, and he was told by appellee that it would be necessary to send an officer in order to get possession of the same. The mother of appellee also took part in the conversation, and said that she wanted storage charges paid on the harness before it was taken away. Thereupon the warrant of arrest and the search warrant in question were sued out. Under the evidence in the case, the jury found that the criminal prosecution so instituted by appellant was without probable cause and malicious.

1. MALICIOUS prosecution: when action will lie: evidence.

We think such finding was fully warranted. There is

nothing in the record before us upon which to justify such proceedings. Had a demand been made for the harness, and the same followed by a refusal, the law afforded a civil remedy wholly adequate to ascertain and enforce the rights of the parties. The appellant must be held to have known that the circumstances did not warrant a resort to criminal process, and, in electing to so proceed, he invited this action for damages, which was promptly brought upon the dismissal of the criminal proceedings before the justice.

II. The court below refused an instruction asked by defendant to the effect that if the defendant told the magistrate truthfully the facts in relation to said harness, and concealed no material fact from him, and the magistrate, acting on such information, issued the warrant complained of, the defendant would not be liable for damages in this action. Such instruction was properly refused. While there are many cases holding that where a full and fair statement of facts is made to a reputable practicing attorney, and such attorney advises a criminal prosecution, based on such statement, his advice may be relied upon as a defense to a subsequent action for damages for malicious prosecution, the criminal proceedings having failed. But there is no case to which our attention has been called holding that the advice of a justice of the peace can be thus made available as a defense to such an action.

2. ADVICE of justice of the peace: no defense to action.

Other errors are assigned, all of which we have examined, without finding anything of sufficient merit to warrant us in disturbing the judgment.—AFFIRMED.