W. F. PIERCE, Appellant, v. E. DOOLITTLE.

**Constitutional law:** BOARD OF HEALTH: ENACTMENT AND VIOLATION OF RULES: PUNISHMENT. The rules and regulations of a board of health, which it has legislative power to make, have the force and effect of a statutory enactment; and a statute prescribing the punishment for a violation of such rules and regulations as it may make is not unconstitutional.

**Malicious prosecution:** EVIDENCE. In an action for malicious prosecution for the alleged violation of a rule of the board of health, where the information charged that defendant knowingly failed, refused and neglected to comply therewith, a certified copy of a publication containing the board of health rules including the rule in question, was competent evidence for the purpose of showing the rules and knowledge thereof.

**Same:** MALICE. In an action for malicious prosecution, malice will not be presumed from a want of probable cause, but the question of whether the prosecution was malicious is for the jury and it may infer malice from a want of probable cause.

*Appeal from Pottawattamie District Court.—* HON. A. B. THORNELL, Judge.

WEDNESDAY, APRIL 4, 1906.

ACTION for malicious prosecution in two counts, in the first of which it was charged that defendant maliciously, and without probable cause, filed with the mayor of the town of Carson an information signed and sworn to by defendant charging plaintiff as a physician with the violation of an ordinance of the town in failing to notify the proper officers of the existence of scarlet fever, under which charge plaintiff was arrested, tried before the mayor and found not guilty; and in the second with filing a similar information before a justice of the peace, charging plaintiff with the crime of knowingly failing, neglecting and refusing to obey the rules and regulations of the board of health of the

state requiring him as a physician to report in writing to the mayor a case of scarlet fever in which he was the professional attendant, which information is also charged to have been malicious and without probable cause, in consequence of which plaintiff was arrested, put on trial before the justice of the peace and convicted but subsequently discharged by the judge of the district court on a writ of *habeas corpus.* On a motion of defendant, the second count was withdrawn from the consideration of the jury on the ground that the evidence failed to show want of probable cause on the part of defendant for instituting the proceeding. On the first count the case was submitted to the jury, and a verdict was rendered for the defendant. Plaintiff appeals.— *Affirmed.*

*Fremont Benjamin,* for appellant.

*Frank Shinn* and *A. B. Johns,* for appellee.

McCLAIN, C. J.—The elements of an action for malicious prosecution are: (1) Previous prosecution of the plaintiff substantially as alleged; (2) the instigation or procurement of such prosecution by the defendant; (3) the termination of the prosecution by the acquittal or discharge of the plaintiff; (4) want of probable cause; and (5) malice. As to each of these elements plaintiff has the burden of proof. *Holden v. Merritt,* 92 Iowa, 707; *Miller v. Milligan,* 48 Barb. (N. Y.) 30; 19 Am. & Eng. Encyc. of Law, 653.

The evidence of this case shows beyond question the institution of each of the prosecutions referred to in the two counts of the petition, the one before the mayor, the other before the justice of the peace, by the defendant, and that as charged in these prosecutions the plaintiff had failed to report in writing to the mayor of the town a case of scarlet fever in which he had been the attending physician,

as required by an ordinance of the town and the rules of the state board of health. The evidence also tended to show malice in each prosecution on the part of the defendant. It also appeared that the prosecution before the mayor was terminated by the discharge of plaintiff on the ground that the ordinance with the violation of which he was charged had not been legally enacted, and that in the prosecution before the justice of the peace the plaintiff was tried for a misdemeanor which the justice had no jurisdiction to try, because under Code, section 2573, the violation by a physician of the rules of the state board of health is a misdemeanor which is punishable, under Code, section 4906, by imprisonment in the county jail for not more than one year or by a fine not exceeding $500 or both such fine and imprisonment, whereas a justice of the peace has only jurisdiction to try prosecutions for " offences less than felony and in which the punishment does not exceed a fine of $100 or imprisonment of thirty days " (Constitution, article 1, section 11), for which reason the plaintiff was released from the imprisonment imposed by the justice of the peace, on a writ of *habeas corpus*. With these essential facts conceded, we proceed to consider the errors relied upon for appellant.

I. The claim that the court erred in dismissing the second count of the petition relating to the prosecution before the justice of the peace is disposed of when we say that

1. Constitu-tional law: board of health: enact-ment and vio-lation of rules: punishment.

the record shows no evidence of want of probable cause, unless such want of probable cause is established by reaching the conclusion that the statute (Code, section 2573) is unconstitutional in providing that anyone who knowingly fails, neglects, or refuses to comply with and obey any order, rule, or regulation of the state board of health is guilty of a misdemeanor. The contention for appellant is that the crimes which are punishable under the statutes of the state must be prescribed by statute and that they cannot be left

for determination to boards or tribunals whose rules and regulations are not prescribed by the Legislature itself. In support of this contention cases are cited in which it has been held that the power of the Legislature to enact and repeal laws cannot be delegated. See *State v. Forkner,* 94 Iowa, 1, 23, and cases there referred to. But we do not see the applicability of that well-recognized principle to this case. The offense defined by Code, section 2573, the punishment of which is provided for in Code, section 4906, is not made to depend in any way on any other legislative authority than that upon which the Code itself is founded. The act to be punished is the violation of the rules of the state board of health, a tribunal constituted by law and having the authority conferred upon it by law and no other authority. We think it clear that the Legislature may provide for the punishment of acts in resistance to, or violation of, the authority conferred upon such subordinate tribunal or board. " When these boards duly adopt rules or by-laws by virtue of legislative authority such rules and by-laws, within the respective jurisdictions, have the force and effect of a law of the Legislature; and like an ordinance or by-law of a municipal corporation they may be said to be in force by authority of the state." *Blue v. Beach,* 155 Ind. 121 (56 N. E. 89, 80 Am. St. Rep. 195, 50 L. R. A. 64). And see the cases cited in that opinion, and *Commonwealth v. Sisson* (Mass.), 75 N. E. 619; *State v. Thompson,* 160 Mo. 333 (60 S. W. 1077, 54 L. R. A. 950, 83 Am. St. Rep. 468). If this were not so, there could be no punishment for the violation of city ordinances under Code, sections 688, 694, nor for violation of the regulations adopted by the board of railway commissioners as provided for in Code, sections 2132, 2147. Every person affected by the rules and regulations of such a board or tribunal is required to govern himself in accordance with such rules and regulations if within the scope of the authority granted by the Legislature and adopted and published as required by law.

But it is further contended that the court erred in admitting in evidence the rule of the state board of health which plaintiff was charged before the justice of the peace to have violated, the objection being that there was nothing to show that any such rule or regulation was on file or of record in the office of the secretary of the board as that which he purported to certify. The certificate of the secretary of the board was to the effect that he was such officer of the state board of health and the custodian of its records, and that the rules certified by him were enacted by the board when in regular session, were duly published, have been in force since 1892, and are still in force as prescribed by section 2573 of the Code. This certificate was attached to a printed book, the title page of which is as follows: " The Tenth Biennial Report of the Board of Health of the State of Iowa for the period ending June 30, 1899."

2. MALICIOUS PROSECUTION: evidence.

By Code, section 2565, the state board of health is given authority to make such rules and regulations " as it from time to time may find necessary for the preservation and improvement of public health, which when made shall be enforced by local boards of health and peace officers of the state." It is to be noticed that the punishment provided in Code, section 2573, is for knowingly failing, neglecting, or refusing to comply with and obey any order, rule, or regulation, of the state board of health after notice thereof has been given. The information sworn to by defendant and filed before the justice of the peace charged that the plaintiff did knowingly fail, refuse, and neglect to give notice of a case of scarlet fever in which he was the attending physician, as required by the rule. It was certainly competent therefore to show by the secretary of the board what the rule was, and, if it was further shown that plaintiff had notice and knowledge of such rule, then the violation by him would constitute a crime. The information charges knowledge and it must be presumed in support of the

finding by the justice of the peace that plaintiff was guilty of the act charged, that he had knowledge of the rule. We therefore reach the conclusion that the certified copy of the publication containing the rules of the state board of health was properly admitted in evidence and that in the record before us there was no showing of want of probable cause to sustain plaintiff's claim under the second count of his petition.

II. With reference to the submission to the jury of the issue presented by the first count of plaintiff's petition and defendant's denial of the facts therein alleged, the only complaints, aside from those already discussed as applicable to the case presented in the second count, are as to the instructions of the court. But so far as the instructions relate to want of probable cause in the prosecution commenced by the defendant before the mayor on the ordinance which had never been legally adopted they are favorable to the plaintiff, for the jury are told that the invalidity of the ordinance would in itself constitute a want of probable cause and the court submitted to the jury the question as to the defendant's want of knowledge of such invalidity as bearing only on the question of malice; and while there was some other evidence tending to show malice, the question of fact as to whether defendant acted maliciously was for the jury. Malice is not to be presumed from want of probable cause alone. Where there is want of probable cause the jury may infer malice but they are not bound to do so. *Walker v. Camp,* 63 Iowa, 627; *Parker v. Parker,* 102 Iowa, 500; 16 Am. & Eng. Ency. of Law, 678. As there was no evidence that defendant knew of the invalidity of the ordinance at the time of filing his information before the mayor, it was not necessary nor proper for the court to leave the fact of his knowledge to the jury for determination with a view of their finding malice therefrom.

We discover no error in the record, and the judgment of the lower court is *affirmed.*

3. SAME: malice.