STATE OF IOWA, Appellee, v. D. L. DUSKIN, Appellant.

**INTOXICATING LIQUORS:** Illegal Transportation—Evidence—Sufficiency. A charge of illegal transportation of intoxicating liquors is not sustained by unquestioned testimony that the defendant was overtaken by the operator of an automobile and was invited to ride, accepted the invitation, and entered the car (in which he had no interest), where he later found a jug of whisky, in which he likewise

had no interest, but which he threw out of the car when pursued by peace officers.

Headnote 1:  33 C. J. p. 760.

Headnote 1:  10 A. L. R. 1553; 26 A. L. R. 671.

*Appeal from Lucas District Court.*—E. S. WELLS, Judge.

OCTOBER 19, 1926.

This is a prosecution for illegal transportation of intoxicating liquors. There was a plea of not guilty, and a trial to a jury. The defendant was convicted, and sentenced to imprisonment in the county jail for four months, and to pay a fine of $300, in default of which payment he should serve additional time, at the rate of three and one-third dollars per day, as provided by statute. The defendant appeals.—*Reversed.*

*Stuart & Stuart,* for appellant.

*Ben J. Gibson* and *Neill Garrett,* for appellee.

EVANS, J.—The defendant was arrested on September 13, 1925, in company with Mike Ferrick. Both the defendant and Ferrick were in a car, owned, used, and driven by said Ferrick. Said car contained a quantity of intoxicating liquor. Such liquor was also owned by Ferrick. Ferrick was arrested at the same time, and was prosecuted for the same offense. He pleaded guilty, and was serving time when the trial herein was had. The defendant, while on his way from his home to the near-by town of Chariton, was overtaken by Ferrick and invited to ride. This occurred a very brief time before the arrest. The defendant rode in the back seat, while Ferrick occupied the front seat, behind the wheel. The car contained a jug of whisky inclosed in a sack. Very soon after the defendant had entered the car, the sheriff was encountered. He had successfully searched Ferrick on previous occasions. The sheriff, as a witness, testified as follows:

"Mr. Campbell and I were starting south of town, and we saw this car pull in on the south side of the cemetery, and I believe we stopped and called to him. I stopped, and said some-

thing to Mike Ferrick. He was on the outside of the car on the ground. I forget just what I said to him—. We had searched him a time or two, and his car, and I believe I asked him what he had on today, or something of that kind, and he cranked his car and started away. I ran and caught up with him and stopped him. When I called to him to stop, he kept on going. When I caught up about even with him,—Mr. Duskin was in the back seat, Mike was in the front seat, driving,—Mr. Duskin picked up the sack with this jug of liquor in it, and throwed it over the side. I believe I climbed on the running board of the car just as they stopped. I then recovered the sack that was thrown from the car, and it had a jug of moonshine liquor in it. I also found a bottle of liquor in the car. * * *''

### Cross-examination.

''I won't say who the liquor belonged to. The car that the defendant was in belonged to Mike Ferrick, and Mr. Ferrick was driving, and the defendant was sitting in the back seat. * * * As I came up to the car, Mr. Duskin threw a gallon jug from it. I was not standing on the running board when that was done. I got on the running board of the car afterwards. * * * Mr. Campbell and I left our car on Primary Road No. 14, that runs north and south, the day we arrested Mr. Ferrick and Mr. Duskin, and walked over on the road that runs west, to the other car. Mr. Ferrick's car was standing still when we started over there. Mike Ferrick was on the ground, and he got in and started away. They stopped again when I stopped them. The car was about stopped, if it was not, when I got on the car. I picked up the gallon jug about 10 or 12 feet east or behind their car.''

The only conflict in the evidence is as to whether it was Duskin or Ferrick who threw out the jug in the sack. Duskin and Ferrick testified that it was thrown out by Ferrick himself. We assume the truth of the sheriff's testimony in that regard, as the jury had a right to do. In no other regard is there any dispute in the testimony. It appears without any question that the defendant had no interest in the car; nor had he ever used the same; nor had he any interest in fact in the intoxicating liquor found therein; nor had he been concerned in any way with having put such intoxicating liquor therein; nor did he know that it contained intoxicating liquor when he entered it. The sole fact

upon which his conviction rests is that he threw the sack containing the jug of whisky out of the car. Is such fact sufficient to sustain a charge of illegal transportation of intoxicating liquor on his part? The State relies upon Chapter 43 of the Acts of the Forty-first General Assembly, which provides that an "attempt to destroy any liquid by any person while in the presence of peace officers * * * shall be prima-facie evidence that such liquid *is intoxicating liquor and intended for unlawful purposes.*" Does such statute furnish any aid to this prosecution? The fact that the jug contained intoxicating liquor is conceded. That it was intended for unlawful purposes may fairly be inferred. The charge against the defendant is that of illegal transportation. Is the mere fact that the defendant threw overboard this liquor and dropped it at the feet of the sheriff sufficient to sustain such charge? The testimony of the defendant is that his first knowledge of the presence of the liquor came when the pursuit of the sheriff began. Of course, such a claim can easily be made by a guilty party. But there is nothing in the circumstances shown in evidence inconsistent with such claim. The throwing of the jug overboard was not inconsistent with such claim. If he had tried to conceal it, or had tried to carry it away, and to escape from the sheriff, such action would present quite a different coloring. We think that this circumstance alone, as testified to by the sheriff, in the light of all the other undisputed testimony, is too frail to support the conviction of this defendant.

Upon the evidence, he was fairly entitled to a directed verdict. The judgment of conviction is, accordingly,—*Reversed.*

STEVENS, ALBERT, and MORLING, JJ., concur.

DE GRAFF, C. J., dissents.