STATE OF IOWA, Appellee, v. HARRY GRIGSBY, Appellant.

**CRIMINAL LAW: Trial—Exceptions—Sufficiency.** Exceptions to instructions must specifically and definitely point out the error complained of, and no others will be considered.

Headnote 1:   17 C. J. p. 84.

Headnote 1:   14 R. C. L. 809 *et seq.*

*Appeal from Marshall District Court.*—JAMES W. WILLETT, Judge.

DECEMBER 13, 1927.

The defendant appeals from a conviction and judgment of the crime of the unlawful transportation of intoxicating liquors. —*Affirmed*.

*W. T. Bennett*, for appellant.

*John Fletcher*, Attorney-general, for appellee.

STEVENS, J.—About 7 P. M. on March 2, 1926, the sheriff, his deputy, and the county attorney of Marshall County undertook to arrest one Charles Wyatt and the defendant on a public street in the city of Marshalltown. The defendant and Wyatt were seated in a Hupp automobile on Eighth Avenue in said

city. Wyatt was the driver. As soon as the occupants of the automobile were apprised by the officers of their mission, or an attempt was made to arrest them, the automobile was started, and driven rapidly away. The officers followed, firing several shots at the oil tank and tires of the automobile. One bullet, however, struck the defendant in the right shoulder, inflicting a slight wound. During the flight, the defendant was seen by the officers to throw two gallon cans out of the automobile. These cans were found to contain alcohol. The defendant's explanation of his presence in the automobile was that he had gone to the city to get a razor which he had left to be honed, and, while he was standing on the street corner, he saw Wyatt drive up in his automobile, and called to him; that he got in the car, intending only to ride with him; that he had nothing to do with the transportation of the liquor, and did not know what was contained in the cans. The officers, however, testified that they saw the defendant apparently engaged in trying to get hold of the cans, which were in a place provided therefor, immediately back of and below, but not under, the seat. An examination of the automobile disclosed a small opening back of the seat into the body of the car. The space below and back of this opening was large enough to hold 20 or more gallon cans. The defendant was indicted as a principal, and so tried.

The sole proposition relied upon by appellant for reversal is an alleged prejudicial error in Paragraph 5 of the court's charge to the jury. The instruction is clearly not technically correct. The only exception preserved in the record to this instruction is the following:

"This [meaning the portion of the instruction complained of] was damaging and prejudicial to the defendant, and there was no alternative given to him to show that, even if he threw said cans from the car, the throwing of the can itself would not be a crime, unless the defendant knew that said cans contained intoxicating liquors."

The error in the instruction, if any, was in its peremptory direction as to the facts. The distinction between a principal and an accessory before the fact has been abolished by statute in this state. Section 12895, Code of 1924. The knowledge of the defendant as to whether the cans contained intoxicating liquor may have been material, but the instruction makes no

direct reference thereto. Impliedly, the instruction removes the question from the case. The exception preserved does not, however, go to this point. The statute prescribing the form and character of exceptions to instructions is clear, and has been too often interpreted by this court to require more than the mere citation of a single case. The rule is applicable to criminal prosecutions. *State v. Higgins,* 192 Iowa 201.

Only exceptions properly preserved will be considered or reviewed on appeal. The pending case is somewhat similar in its facts to the facts involved in *State v. Duskin,* 202 Iowa 425; but the evidence of culpability is much stronger, and the *Duskin* case is not controlling.

We find no reversible error in the record, and the judgment is affirmed.—*Affirmed.*

EVANS, C. J., and FAVILLE, KINDIG, and WAGNER, JJ., concur.