R. A. BEARD, Appellee, v. JOHN L. WILSON, Appellant.

No. 40380.

FEBRUARY 10, 1931.

*Hugh G. Guernsey* and *C. H. Elgin*, for appellant.

*Howell, Howell & Howell*, for appellee.

GRIMM, J.—In January, 1928, the plaintiff, Beard (appellee), filed in the district court of Appanoose County, Iowa, his petition at law, claiming $5,000. The petition is very long, and much is involved.

In substance, it alleges that, in December, 1923, the plaintiff and defendant entered into a written contract, by the terms of which the plaintiff agreed to purchase from the defendant a certain lot, and build thereon a house of certain dimensions. The plaintiff was to pay for the same by labor on other houses

for the defendant. Difficulties arose between the parties in reference to the account. Finally, on November 25, 1927, the defendant brought a forcible entry and detainer action, and secured a judgment and writ directing the removal of the plaintiff from the premises and turning the property over to the defendant. On January 12, 1928, a constable and the sheriff of the county proceeded to the residence of the plaintiff; and, in the absence of the plaintiff and members of his family, they took the personal property of plaintiff out of the house and placed the same on the ground. Later in the afternoon, the plaintiff returned, and with his key unlocked the residence, and proceeded, with the assistance of others, to move his personal effects back into the house. The defendant notified the officers, and they promptly went to the plaintiff's house. They notified him that the goods had been set out of the house by an order of court, and commanded him to desist. A very substantial commotion took place, which resulted finally in the arrest of the plaintiff, who was taken to jail and locked up for the night. He was released the next morning. It is alleged that no opportunity was given the plaintiff to furnish bail. Plaintiff then alleges:

"Further, as showing the malice and ill will of the defendant and his said officer-agents, the defendant, on the 13th day of January, 1928, filed an information before Justice of the Peace Bryan, of Center Township, in said county, and caused the plaintiff to be arrested by the constable, Bert Russell, and said officer, by the request of the defendant, Wilson (said Wilson having signed the information)."

It is alleged that the plaintiff was humiliated by being taken through the streets of Centerville under arrest, greatly to his damage. He further alleges that he was damaged by being compelled to hire attorneys to defend him, and by loss of time.

It appears that the charges so filed against the plaintiff by the defendant were "breaking and entering." The defendant answered by general denial, except as special admissions are made.

The contract referred to was admitted. The defendant claimed that the plaintiff owed him on said account approximately $1,300, with interest from June 2, 1927. The defendant de-

nied any participation in the original arrest, and filed a counter-claim in two counts, the first being for $1,369.52, the amount claimed to be due on the contract concerning the house and lot, and the second for $5,000 damages for personal injuries, growing out of an assault claimed to have been made by the plaintiff on the defendant on September 12, 1927, at which time the defendant claims that plaintiff, "without any provocation, willfully and maliciously did assault defendant with a trowel and a stone hammer, and did then and there beat and bruise the plaintiff, knocking out one of his teeth, and did cut the defendant about the head, thereby causing him great pain and suffering, and permanently disfigured the defendant, to his damage in the sum of $7,500, no part of which has been paid."

The first count of the counterclaim was afterwards dismissed, in an amendment filed in April, 1928. The amendment alleges that, in a suit tried in the district court to foreclose the contract of sale, the court found that there was due the defendant on the house transaction the sum of $811.18. It is alleged that the forcible entry and detainer action was brought by the defendant against the plaintiff because of the failure of the plaintiff to pay the taxes on the said residence property, in accordance with the terms of the original contract of purchase and sale. It is also alleged that the said forcible entry and detainer action was "decided in his favor in the justice court, and was later appealed to the district court by the plaintiff Beard, and is still pending in said district court, being law No. 23625 in the files of the clerk of the Appanoose County district court, the papers in said case being made a part of this pleading by this reference." It is alleged that, on the 13th of January, 1928, the defendant consulted with an attorney at law relative to the happenings of the previous day in connection with the removal of the goods from the plaintiff's house and the plaintiff's conduct and relation thereto, including unlocking the house and moving his goods back into the house, and that the defendant was informed by his attorney "that the acts of said Beard in breaking into the house after it had been turned over by the constable to the defendant would constitute the crime of 'breaking and entering,' under the statute of the state of Iowa."

He further alleges that, on the 14th day of January, 1928,

he made to the justice of the peace a full disclosure of the facts, and filed an information against said Beard. The defendant alleges that the filing of the information was without malice towards the plaintiff, "but with a desire to see what he believed, and still believes, to have been an infraction of the criminal law of the state of Iowa punished, in accordance with law."

I. It is very difficult to ascertain definitely from the pleadings what the plaintiff really claims as a basis for his recovery. The petition may be understood to state a claim for damages for malicious prosecution by reason of the bringing of the forcible entry and detainer action, followed by the arrest of the plaintiff on the oral suggestion of the defendant. In some respects, the action seems to be based upon a claim for damages for false arrest by reason of the original arrest made in the afternoon by the constable and the sheriff, when the plaintiff was caught placing the goods back in the house, which had been locked against him by the officers under a writ of the justice court.

The petition may be construed to mean an action for malicious prosecution, by reason of the filing of the information charging the plaintiff with breaking and entering.

In many respects, the case seems to have been tried upon the theory that the defendant was liable on each and all of said grounds. Many of the instructions are drawn accordingly. Appellee has said in argument: "We think the main point in this case was the question of probable cause in the malicious prosecution part of the case." Counsel for appellant, in reply thereto, says: "We will concede such is the case."

We are disposed to accept this proposal of counsel for both sides, and for the purposes of this appeal, treat the case accordingly.

It will be noted that the defendant pleaded specially that, before filing the information against the plaintiff, charging him with breaking and entering, he consulted an attorney, to whom he related the facts, and that he also laid the matter fully before the justice who prepared the information and issued the warrant for the plaintiff's arrest. The evidence clearly shows that the defendant was told by the attorney whom he consulted that the plaintiff was guilty of the crime of breaking and entering, and, in substance, the defendant was advised by his attorney

to file an information accordingly. There is also evidence tending to show that the defendant disclosed the whole situation to the justice of the peace who thereafter prepared the information which the defendant signed, and the justice issued the warrant which resulted in the arrest of the plaintiff.

The defendant, while on the stand, was questioned at great length as to what he told his attorney and what he told the justice of the peace. Many somewhat technical objections were lodged to the testimony of the defendant in this regard; but a very careful examination of the record discloses that the defendant, notwithstanding the strenuous and technical objections made to his evidence, did, in fact, make a very substantial and apparently frank and open disclosure to his attorney regarding the facts and circumstances surrounding the entire transaction, and that, upon such a recital, the attorney advised the filing of an information and the arrest of the plaintiff, charged with "breaking and entering." Manifestly, it was not necessary that, in giving this testimony, the defendant should give the exact words in which he related the transaction to his attorney. It is sufficient if he gives the substance thereof. The real question in that regard is whether the defendant in good faith fully and frankly disclosed to his attorney the facts and circumstances surrounding the transaction, in order that the attorney thus informed could properly advise the defendant. The court in his instruction to the jury said, among other things, in commenting upon the conduct of the defendant in informing his attorney:

"In such case it is incumbent upon him to show just what he told his attorney, before he can rely on the advice of the attorney as a vindication of his act. In this case the evidence as  to what the defendant told his attorney is not sufficient to enable him to say that he relied on the advice of his attorney as vindication."

The instruction deals further at some length with the opinion of the court to the effect that what the defendant told his attorney was not sufficient to enable the attorney to properly advise the defendant.

The record shows that the defendant endeavored to disclose to his attorney the facts and circumstances surrounding the entire transaction. In that state of the record, it was for the jury

 to determine whether the defendant had in good faith fully and fairly disclosed the facts in his possession to his attorney, in order to obtain advice in relation thereto. As was said by this court in *Granteer v. Thompson,* 203 Iowa 127:

"Under the rule in this state, the advice of counsel, obtained in good faith, upon a fair and full disclosure of all of the facts in possession of a party, is a complete defense to an action for malicious prosecution." (Citing *Wilson v. Lapham,* 196 Iowa 745; *Mesher v. Iddings,* 72 Iowa 553; *Johnson v. Miller,* 69 Iowa 562.)

We further said:

"In most jurisdictions, the proof of the obtaining of advice of counsel before instituting the criminal proceeding goes to the question of probable cause. 38 Corpus Juris 428. In this state, we have recognized the rule (*Wilson v. Lapham,* supra) that: 'If one about to instigate a criminal prosecution consults an attorney, and makes a full and fair statement of the facts to him, and such attorney advises a criminal prosecution, based upon such a statement, his advice may be relied upon as a defense to a subsequent action for malicious prosecution. *Necker v. Bates,* 118 Iowa 545; *Wilson v. Thurlow,* 156 Iowa 656; * * * *Pierce v. Doolittle,* 130 Iowa 333.'"

See, also, *Hepker v. Schmickle,* 209 Iowa 744.

The said instruction of the court was clearly erroneous and prejudicial.

II. There are 49 errors relied upon for reversal in this case. As previously stated, the pleadings in this case are badly involved. The instructions are not at all clear or satisfactory. There is not contained in them a sufficiently comprehensive statement of the law by which the jury could have been properly guided in their deliberations in this case.

The cause must be, and is,—*Reversed.*

FAVILLE, C. J., and EVANS, MORLING, and KINDIG, JJ., concur.