L. Richmond, Appellee, v. C. W. Whitaker et al., Appellants.

No. 42400.

June 23, 1934.

Lappen, Carlson & Clarke, for appellant.

Chester J. Eller, for appellee.

Stevens, J.—The propositions relied upon by appellant for reversal necessitate a somewhat detailed statement of the record. Appellant was formerly a dealer in automobiles at Albany, Missouri. On or about the 7th day of February, 1930, he went to the place of business of appellee for the purpose of selling an Essex coupe. A

sale was effected, and, according to the claim of appellant, the same was procured by certain false and fraudulent statements and representations of appellee. These concern the automobile, its prior ownership, use, and possible incumbrances thereon. Appellee testified that he purchased the car on February 2d, 1930, from one Gibbons, who executed a bill of sale to him, reciting that it was free and clear of all encumbrances. The testimony on behalf of appellant tended to show that appellee represented that the automobile was new, had never been registered, but that the same had been used by the Richmond Motor Company, of which firm appellee was a member, of Albany, Missouri, as a demonstrator. The automobile bore a dealer's license number issued in Missouri, but it had never been registered in that state.

The automobile was, in fact, purchased on August 21, 1929, by Gibbons of a dealer at Perrysburg, Ohio. On the same date, a chattel mortgage on the automobile was executed by Gibbons to the dealer to secure a note for $610.08. This mortgage was promptly recorded in the proper office in Ohio. Appellant promptly sold the automobile to a purchaser residing in Greene county, Iowa. Some months after the sale thereof to this purchaser, it was taken from him by a writ of replevin in favor of the holder of the note and chattel mortgage referred to. A compromise was effected by appellant with the plaintiff in the replevin suit, and thereafter an information was filed by him in the municipal court in the city of Des Moines charging appellee with the crime of cheating by false pretenses. Appellee was arrested and placed in jail, remaining there, however, but a very short time. Upon preliminary hearing, appellee was discharged by the magistrate. He was subsequently indicted by the grand jury of Polk county, but the same was voluntarily dismissed by the county attorney. Appellee charges in his petition that the prosecution was instituted by appellant in the municipal court and also that he maliciously procured the indictment to be presented against appellee. It will thus be seen that the representations of appellee, which are admitted, that the automobile was free from encumbrance, were not, in fact, true. It also appears without conflict in the evidence that the automobile was not new and had never, in fact, been used as a demonstrator by appellee. At the conclusion of appellee's testimony and again at the conclusion of all the evidence, appellant moved for a directed verdict. The principal propositions relied upon by appellant for reversal are presented by

these respective motions. We shall, however, before giving consideration to the exceptions urged at this point, dispose of the remaining questions involved.

■ As stated above, the automobile bore the dealer's license of the Richmond Motor Company. Appellee was examined by his counsel as to the law of Missouri respecting the use of license plates generally. He answered that a license plate issued to the owner of a car is retained by him in case he sells the same and may be used on another automobile; that is, the witness said: "Well, when you buy your license for an automobile the license goes with the man and not the car like it does in Iowa."

Objection was urged to this testimony by appellant upon the ground that it was not the best evidence. A motion to strike the answers of the witness based upon the same ground was also interposed. The objection to the testimony and motion to strike were both overruled by the court, and the evidence was permitted to remain in the record.

Evidence of the law of Missouri touching the subject of the inquiry was certainly admissible. If the statutes of that state covered the subject, they might be offered in evidence. It is also true that an attorney versed in the law of the state of Missouri, would have been a competent witness to testify thereto. His testimony could not be excluded upon the ground that it was not the best evidence. It may be that appellee was not a competent witness to testify to the matters stated, but his competency was not challenged. The statute of the state of Missouri bearing upon the subject was later introduced in evidence by appellant, and, no doubt, properly presented in argument to the jury. No reversible error is presented at this point.

■ II. Appellant requested a large number of instructions. Although not shown by the record, it is conceded by appellee that the requested instructions were refused by the court. Some of the requested instructions were argumentative in character; some stated the law too favorably to appellant; and much that was proper therein was included in the charge given to the jury by the court. Time was given appellant by the court within which to file a motion for a new trial together with exceptions to the instructions. A document, denominated a motion for a new trial in arrest of judgment for judgment notwithstanding the verdict and for new trial, was filed by appellant within the time fixed by the court. Complaint is

made in this document filed of some of the instructions given by the court, but they are disregarded in the statement of propositions and in the brief and argument of appellant. The exceptions, if such they may be called, to the refusal of the court to give the requested instructions, are as follows: "The court erred in failing to give to the jury the instructions requested by the defendant, to wit: [Setting out the serial numbers thereof.]" Exceptions in this form do not comply with the rules of this court and cannot be considered by this court. Section 11495, Code 1931; Duncan v. Rhomberg, 212 Iowa 389, 236 N. W. 638; Wilson v. Else, 204 Iowa 857, 216 N. W. 33; State v. Grigsby, 204 Iowa 1133, 216 N. W. 678; State v. Burch, 202 Iowa 348, 209 N. W. 474; State v. Dillard, 207 Iowa 831, 221 N. W. 817.

III. The court permitted appellee to prove that an indictment was returned by the grand jury against appellee upon the charge named in the information filed in the municipal court. Objections were interposed by appellant to this testimony, and error is assigned upon its admission. The indictment was, in fact, introduced in evidence by appellant and later, with the permission of the court, withdrawn by him. As stated, the petition charged the unlawful and malicious procurement of the indictment by appellant. The court permitted the testimony complained of to go in upon the promise that evidence would be offered connecting appellant therewith. None was offered, and all of the testimony, except the mere fact of the return of the indictment, was subsequently withdrawn by the court. Whether prejudice could, under some circumstances, have resulted from the admission of this testimony, if erroneous, we need not consider, as the court in one paragraph of its charge specifically instructed the jury that no evidence whatever in any way connecting appellant with the procurement of such indictment had been offered, that the evidence relating thereto had been withdrawn, and that the jury should give no heed or consideration thereto, except of the mere fact that an indictment was returned. The instruction is so clear, definite, and specific in its terms that no prejudice could possibly have resulted from the admission of the testimony. It was proper for the record to show that the prosecution was terminated and that the indictment had been finally disposed of. We assume that the court permitted the fact that an indictment had been returned to remain in the record as a part of the showing that all possible prosecution of appellee had been terminated.

IV. The overruling by the court of the motion in arrest of judgment and for judgment, notwithstanding the verdict, is also assigned as error. The proposition here presented will be disposed of in the consideration of the major propositions presented and now to be considered.

V. It is charged that the court erred in overruling defendant's motion for a directed verdict at the close of plaintiff's testimony and again at the close of all the evidence for the following reasons: That appellee had failed to prove want of probable cause, that probable cause was, in fact, fully established by the proof, that there was no proof of malice or of damages, and that appellant's good faith was in fact established. The burden rested upon appellee to prove both malice and want of probable cause. This rule has been long settled in this state. All of the elements necessary to be proven in an action to recover damages for malicious prosecution were carefully and serially stated in the court's charge to the jury. As to what constitutes probable cause is a mixed question of fact and law. Johnson v. Miller, 82 Iowa 693, 47 N. W. 903, 48 N. W. 1081, 31 Am. St. Rep. 514; Johnson v. Miller, 63 Iowa 529, 17 N. W. 34; Krehbiel v. Henkle, 142 Iowa 677, 121 N. W. 878; Johnson v. Miller, 69 Iowa 562, 29 N. W. 743, 58 Am. Rep. 231; Hidy v. Murray, 101 Iowa 65, 69 N. W. 1138; Krehbiel v. Henkle, 178 Iowa 770, 160 N. W. 211.

The burden also rested upon appellee to prove that the prosecution was inspired by the malice of appellant and that it was not in good faith. In this connection, it should be observed that, while malice may not be presumed therefrom, it may be inferred from the want of probable cause. Pierce v. Doolittle, 130 Iowa 333, 106 N. W. 751, 6 L. R. A. (N. S.) 143; Driscoll v. Meyer, 192 Iowa 1394, 186 N. W. 417; Shaul v. Brown, 28 Iowa 37, 4 Am. Rep. 151; Wilson v. Lapham, 196 Iowa 745, 195 N. W. 235; Hidy v. Murray, supra.

The record contains no direct evidence of malice on the part of appellant. In support and justification of his claim of good faith, he offered proof that the prosecution was commenced after a full and fair conference by him with the county attorney and upon his advice. This testimony was admissible to be considered by the jury in determining the good faith of appellant in commencing the prosecution. Hidy v. Murray, supra; Johnson v. Miller, supra; Wilson v. Lapham, supra. Not only is such evidence to be

considered by the jury on the issue of good faith and probable cause, but may, if it appears that a full and fair statement of the facts were made to the attorney prior to the institution of the prosecution and that he relied in good faith on the advice given him, constitute a defense to an action for malicious prosecution. Necker v. Bates, 118 Iowa 545, 92 N. W. 667; Wilson v. Thurlow, 156 Iowa 656, 137 N. W. 956.

Two additional matters bearing upon the issue of probable cause and malice should be stated. In behalf of the appellant, it was made to appear that two or three months after the 7th of February appellee inquired of an employee of appellant if they wanted to buy some "hot" Fords, meaning thereby stolen Fords. On behalf of appellee, it was made to appear that appellant accompanied the officer who had the warrant issued by the municipal court for appellee's arrest, and that some conversation was had between them, that in the conversation appellant demanded of appellee that he pay the amount expended in settlement of the replevin action in Greene county, and that, unless he did so, he would have to go to jail. The testimony as to the "hot" Fords was denied by appellee, and the testimony at the time of the arrest was denied in toto by appellant.

It is clear that there was more or less conflict in the evidence. The termination of the prosecution favorably to appellee made out a prima facie showing of want of probable cause. Wilson v. Lapham, supra; Hidy v. Murray, supra; Krehbiel v. Henkle, supra. At this point it became necessary for appellant to meet this showing. It was said by this court in Hidy v. Murray, supra, that:

"It would be quite difficult, with this prima facie showing of a want of probable cause, to avoid a substantial conflict, so as not to make the question one for the jury."

It was said by this court in White v. International Text Book Co., 156 Iowa 210, 136 N. W. 121, 125, 42 L. R. A. (N. S.) 346:

"It is a universal rule that, if one makes use of the criminal law for some collateral or private purpose rather than to vindicate the law as to compel the delivery of property or the payment of a debt, such proceedings will be deemed to be malicious."

The jury had a right to believe the testimony of appellee as to what was said at the time of his arrest. In the light of the foregoing well-established rules of law and of the facts and circum-

stances disclosed by the record, it is obvious that a question of fact both as to want of probable cause and of malice was presented for the jury. We do not mean by the foregoing statement to say, as a conclusion, that the conduct of appellee is wholly free from grounds of suspicion.

The record also contains substantial evidence tending to establish good faith on the part of appellant. Appellee in the transaction obtained an unjust and unfair advantage, but the rights of the litigants as to all questions of fact were settled by the verdict of the jury in favor of the plaintiff. This court may not, on the record before us, notwithstanding the culpable statements shown to have been made by appellee, declare, as a matter of law, that there is no evidence of malice or want of probable cause.

Other matters discussed by counsel are either covered by what has already been said or are without sufficient merit to invite independent discussion. For the reasons indicated, the judgment must be, and it is, affirmed.—Affirmed.

All Justices concur.